## No. 2364.

### GULF, COLORADO & SANTA FE RAILWAY COMPANY *v.* JESSE WILLIAMS.

1. NEGLIGENCE.—Though it would ordinarily be negligence for a railway company after stopping at a station for a passenger to alight to again put the train in motion before a sufficient and reasonable time to leave the train has elapsed; yet if after the lapse of such reasonable time the train is again put in motion without giving signal of an intention to move, by whistle or otherwise, such act would not be negligence, per se. There is no statute in Texas requiring a railway company to give signal of intention to move the train from a station where it may have stopped for a passenger to alight. See opinion for a charge of the court on the question of negligence, held to have been error.

APPEAL from Galveston. Tried below before the Hon. William H. Stewart.

In this case the injury complained of was the loss of an arm by the plaintiff, the amputation of which was rendered neces-

sary by the fact that it had been crushed by the car wheel. Verdict for six thousand four hundred and seventy-five dollars for plaintiff.

No briefs for appellant have reached the Reporter.

*Wheeler & Rhodes,* for appellee, cited Wilson v. Adams, 15 Texas, 323; Hicks v. Bailey, 16 Texas, 229; Willis v. Bullitt, 22 Texas, 330; Galbreath v. Atkinson, 15 Texas, 21; Wilson v. Lorane, 15 Texas, 492; Humphries v. Freeman, 22 Texas, 45–50; Tucker v. Hamlin, 60 Texas, 171; Railway v. Medaris, 64 Texas, 92.

STAYTON, ASSOCIATE JUSTICE.   The appellee was a passenger on the appellant's railway, and alleged that he was injured in attempting to leave its car on reaching his destination by the sudden and violent movement of the car without notice before he had a sufficient and reasonable time to leave the car after it stopped.

The evidence as to the manner in which he was injured, as to whether the train stopped a sufficient and reasonable time to enable him to leave the car in safety, and as to whether notice, by ringing the bell, blowing the whistle or otherwise, of an intention to put the train in motion was given, was conflicting. So standing the evidence, the court instructed the jury as follows:

"The defendant company is required to stop the train at the station a reasonably sufficient time to enable its passengers to get off of the car, and it is also required to give signal of starting again, by whistle or bell, and if you believe from the evidence that defendant's servants were guilty of negligence in either of those respects, and that plaintiff's injuries were caused by such negligence, without any contributory negligence on the part of the plaintiff, then the plaintiff would be entitled to your verdict.

"The plaintiff alleges in his petition that when the train arrived at Alvin (plaintiff's destination) and came to a full stop, and invited the passengers to get off, he was in the act of getting off when owing to the want of sufficient time, and to a sudden jerk of the car without signal, he was violently thrown to the ground, striking the side of the car, and the wheel mangled his left arm.   If you believe from the evidence that

the plaintiff received his injuries in said manner, and that said injuries were caused by the negligence of defendant's servants in not stopping the train sufficient time to enable him to get off, or suddenly starting the car by a jerk, without signal of bell or whistle, the plaintiff would be entitled to your verdict, unless you believe from the evidence that the plaintiff, by his own negligence, contributed to the injury."

It was incumbent on the plaintiff to prove that his injury resulted from the negligence of the servants of the appellant. It would ordinarily be negligence in a railway company, when reaching a place at which passengers are to leave its train, to put the train in motion again before passengers would have sufficient and reasonable time to alight, for they would be expected to do so, and would incur danger if the train was put in motion while they were in the act of alighting. It does not follow, however, if a train be stopped for such sufficient and reasonable time, that it will be negligence per se to put it in motion again without giving signal of intention to do so by whistle or bell, or otherwise.

The charges inform the jury, in effect, that the appellant was guilty of actionable negligence if it failed to stop its car for a sufficient and reasonable time to enable passengers to alight, and that it was negligent if after stopping its train at the place where appellee was to leave it, it started again without giving signal by whistle or bell. The charge was not that the two acts combined would constitute negligence, but that either would. In the absence of a statute requiring a signal to be given by bell or whistle, it is error for a court to instruct a jury that it is negligence to put a train in motion without a signal so given. There is no statute in force in this State requiring a signal to be so given before a train is put in motion, after having stopped at a station where passengers are to alight.

The jury may have believed under the evidence that the train stopped at Alvin sufficiently long to enable the appellee to leave the train with safety, yet under the charge they would have been compelled to find for him, notwithstanding this, if a signal of intention again to put the train in motion was not given in one of the modes specified.

It was also necessary that it should appear that the appellee was not guilty of contributory negligence. The tendency of the charge was to induce the jury to believe that the appellee,

without negligence, might attempt to leave the train at any time before a signal of intention to move it was given in one of the modes pointed out in the charge, without reference to the length of time the train remained at the station. A case might arise in which it would be negligence to put a train in motion without signal, when it had remained at a station a sufficient length of time to enable passengers to leave it in safety, but whether so in a given case would be for the determination of the jury in view of all the facts, but a court would not be authorized to inform the jury that the failure to give a signal would be negligence, and less still would it be authorized to instruct that the failure to give a signal in a specified manner would be negligence. The charge was that appellant was "required to give signal of starting again by whistle or bell," by which the jury were given to understand that the law imposed this specific act as a duty. If this were true, an omission in this respect was negligence; and throughout the charge the court assumed and declared that the specific duty existed, and that a failure to perform it was negligence. Whether this omission, if it occurred, was negligence, depended on all the facts existing at the time the appellee attempted to leave the car, and was for the determination of the jury.

The charge practically withdrew this question from them, and required a finding that the servants of appellant were negligent if the jury believed from the evidence that the car was put in motion without signal by bell or whistle.

For this error the judgment will be reversed and the cause remanded.

*Reversed and remanded.*