Houston & Texas Central Railway Company v. N. Goodyear.

Decided February 17, 1902.

1.—Railway Company—Negligence—Injury to Passenger—Charge.

In an action by a passenger against a railway company for personal injuries, a charge that a failure of the company to announce the arrival of the train at plaintiff's station would in law constitute negligence such as, if it proximately caused the injury, entitled plaintiff to recover, was error as being on the weight of evidence.

3.—Same—Negligence for Jury.

Unless the act alleged to be negligent is prohibited by statute, or is one as to the negligent character of which reasonable minds can not differ, the issue of negligence must be left to the jury.

Appeal from Grimes. Tried below before Hon. J. M. Smither.

*Buffington & Buffington* and *Frank Andrews,* for appellants.

*W. W. Meachum,* for appellee.

PLEASANTS, Associate Justice.—This suit was instituted by appellee to recover damages from appellant for alleged injuries to appellee's wife charged to have been caused by the negligence of appellant in failing to stop its train at College Station a reasonably sufficient time to allow his wife, who was a passenger on the train, to debark therefrom with safety, and in failing to announce on the train its arrival at said station.

The appellant answered by general denial and special pleas of contributory negligence. The trial of the case in the court below by a jury resulted in a verdict and judgment for the plaintiff in the sum of $2500. The conclusion we have reached as to the proper disposition of this appeal renders it unnecessary to make any statement of the facts further than to say that upon all the issues raised by the pleadings the evidence was conflicting.

The fifth and sixth paragraphs of the charge submitted to the jury by the court below are as follows: "The law required the defendant to stop the passenger train upon which Mrs. Goodyear is alleged to have been a passenger, at College Station, a station on its road, and announce

on said train its arrival at said station, and to remain at a stop at said station a reasonable time for passengers on said train, for said station, to debark without danger of injury or accident from said train. Failure on the part of defendant company to perform the duty required of it, as explained in preceding paragraph herein, would in law constitute negligence, and if the company was guilty of such negligence, and Mrs. Goodyear was injured as the direct and proximate consequence thereof, and plaintiff was not guilty of contributory negligence (regarding which you will hereinafter be instructed), then the defendant company is liable in damages therefor."

Appellant assails this charge upon the ground that it is a charge upon the weight of the evidence in that it instructs the jury that the failure of appellant to stop its train for a reasonably sufficient time to allow passengers to debark therefrom in safety, or the failure to announce on the train its arrival at the station, was negligence per se.

We think this objection to the charge is valid and must be sustained. Unless the act alleged to be negligent is prohibited by statute or is one as to the negligent character of which reasonable minds can not differ, the issue of negligence must always be left to the jury. We have no statute in this State requiring railroad companies to stop their trains at stations a sufficient time to allow passengers to debark therefrom without danger of injury, nor requiring that the arrival of a train at a station shall be announced on the train, and while it would seem that reasonable minds could not differ as to the negligence of the appellant in so failing to stop its train, the evidence as to whether the train was stopped a reasonable time was conflicting, and it can not be said that reasonable minds could not differ on the question as to whether the failure to announce the arrival of the train was negligence.

This charge clearly instructs the jury that they might find for the appellee if they found that appellant failed to announce the arrival of the train and plaintiff's wife was injured as a consequence thereof without negligence on her part. This is affirmative error which requires a reversal of the case. Railway v. Murphy, 46 Texas, 356; Railway v. Williams, 70 Texas, 159; Railway v. Rogers, 91 Texas, 55.

We think none of the remaining assignments complaining of errors in the charge and of the refusal of the trial court to give special instructions requested by appellant present any material error, and said assignments are therefore overruled.

The assignment attacking the judgment as being contrary to the evidence and excessive in amount are not passed upon, because to do so would require an expression of opinion on the facts, which in view of another trial would not be proper.

For the error in the charge indicated above, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*