H. C. PALFREY ET AL. v. TEXAS CENTRAL RAILWAY COMPANY.

Decided March 7, 1903.

1.—Negligence—Ordinary Care—Charge.

Where in an action for personal injuries the court's charge properly defined ordinary care, but in applying the law to the facts instructed that the want of such care, if shown by the facts in evidence, would ordinarily constitute negligence, the charge was confusing and misleading, since a failure to exercise ordinary care will invariably constitute negligence.

2.—Same—Charge Giving Undue Prominence.

Where the charge several times unnecessarily called the attention of the jury to the defense of contributory negligence, too much prominence was given it thereby.

Appeal from the District Court of Eastland. Tried below before Hon. N. R. Lindsey.

*D. G. Hunt* and *W. E. Conner*, for appellants.

*Clark & Bolinger* and *Warren & Webb*, for appellee.

STEPHENS, ASSOCIATE JUSTICE.—It must be held to have been confusing and misleading for the court to instruct the jury, as was done in this case, that if they found from the evidence that appellee's foreman in causing the steam shovel which injured appellant H. C. Palfrey to be moved as alleged by him, "failed to exercise such care, caution and prudence as an ordinarily careful, cautious and prudent man would have exercised in performing said act, under like circumstances, such failure would ordinarily constitute negligence." We are at a loss to know what the jury would have understood the word "ordinarily" as used in this charge to mean, unless it be treated as suggesting to them that although they should find that appellee's foreman in causing the steam shovel to be moved failed to exercise such care as a person of ordinary prudence would have exercised under the same circumstances they might yet find that no negligence was shown. In another portion of the charge negligence was properly defined as being the want of such care as a person of ordinary prudence would ordinarily exercise under like circumstances, but it is not the equivalent of this to charge, in applying the law to the facts, that the want of such care would *ordinarily* constitute negligence. It would invariably do so.

Too much prominence was also given in the charge to the defense of contributory negligence, in that the attention of the jury was several times unnecessarily called to it. Lumsden v. Railway, 4 Texas Ct. Rep., 516. The judgment must therefore be reversed and the cause remanded for a new trial.

*Reversed and remanded.*