# OCTOBER 1905.

### SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY V. JOSEPH L. LESTER.

#### No. 1422.   Decided October 23, 1905.

**1.—Juror—Qualification—Payment of Poll Tax.**

Article 3139, Revised Statutes, as amended in 1903, does not authorize the judge to dispense with the requirement of payment of poll tax as a qualification for jury service on the ground that the enforcement of the act would interfere with the proper conduct of the courts generally and for the year, in view of the number of courts in the county, the jurors required for service therein and the number of citizens failing to pay the tax or resting under other disqualification for the service; he could only hold the qualification inapplicable when it appeared that the necessary jurors to try the particular case could not be obtained if such requirement were enforced.   (Pp. 218, 219.)

**2.—Same—Juror—Challenge for Cause—Bill of Exceptions.**

Where a juror, being asked if he had paid his poll tax, answered that he had not, and was challenged for that cause, and the bill of exceptions to the overruling of the challenge showed that the court did so because he believed that it was within his discretion to refuse to enforce such qualifications in the county in view of the limited number of citizens possessing it and the large number of jurors required in its various courts, it was not material that the bill failed to show that the juror challenged was not of the class exempt from the tax.   (Pp. 218, 219.)

**3.—Constitution—Suspension of Law.**

No power to suspend the operation of a law of the State can be constitutionally exercised by any authority but the Legislature.   (Const., Art. 1, Sec. 8.)   (P. 219.)

**4.—Bill of Exceptions—Injurious Ruling.**

It is not necessary that a bill of exceptions show any other injury to the party complaining, resulting from the denial of a right of challenge secured to him by the laws of the State.   (Pp. 219, 220.)

**5.—Error—Correction on another Trial.**

The error in overruling a challenge for cause to a juror who had not paid his poll tax consisted in refusing to allow the party to protect himself against an objectionable juror by using a right of challenge which the law gave him, and was ground for reversal though upon another trial, by reason of a change in the law, the failure to pay the poll tax would not be a ground for challenge to jurors then offered.   (P. 220.)

**6.—Contributory Negligence—Charge.**

A charge denying plaintiff a recovery if he failed to exercise ordinary care and thereby contributed to or caused his injury, being negative in form is not liable to the objection by defendant that is submitted the question of the causal connection of such negligence with the injury when the evidence left no doubt of such connection.   Texas & P. Ry. Co. v. McCoy, 90 Texas, 264; Gulf C. & S. F. Ry. Co. v. Rowland, 90 Texas, 365; Culpepper v. International & G. N. Ry. Co., 90 Texas, 627, distinguished.   (Pp. 220, 221.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Lester sued the railway company and the latter appealed from a judgment in plaintiff's favor, and on affirmance obtained writ of error.

*Houston Bros.* and *R. J. Boyle,* for plaintiff in error.—A trial court can not dispense with the requirement of the payment of poll taxes as a qualification for service as a juror unless the requisite number of jurors who have paid their poll taxes can not be found within the county. In this case it appears that there were sufficient poll tax qualified jurors in the county, and it was error for the trial court to overrule a challenge to jurors on the panel for the week, on the ground that they had not paid their poll tax as required by law. Article 3139, Rev. Stat. (Acts of 28th Legislature, Special Session, p. 16) ; Taylor v. State, vol. 10, Texas Ct. Rep., 841.

Instructions to the jury which lay paramount stress upon the question of proximate cause in reference to the negligence of plaintiff, as charged in the answer, when the issue of proximate cause is not involved under the evidence in the case, constitute reversible error. Gulf, C. & S. F. Ry. Co. v. Rowland, 90 Texas, 365; Texas & P. Ry. Co. v. McCoy, 90 Texas, 264.

*Perry J. Lewis* and *H. C. Carter,* for defendant in error.—The bill of exceptions does not affirmatively make it appear that the jurors mentioned owed a poll tax. The assignment presents a purely technical question, without even a suggestion that any harm resulted to the defendant by reason of the matter complained of. The rule is well settled that, if a juror is objected to because he is not qualified on account of a certain status, that status must be affirmatively shown by the bill of exceptions. No inference can be indulged, and if it be possible from the bill to indulge an inference which would make the juror qualified, the bill is not sufficient. Sadler v. Anderson, 17 Texas, 245; Merlin v. Manning, 2 Texas, 351; Griffin v. Chadwick, 44 Texas, 406; Terrell v. McCown, 91 Texas, 231; Henry v. Whitaker, 82 Texas, 5; 3 Enc. Pl. & Prac., 409; Garrity v. Hamburger, 28 N. E. Rep., 744; Cutter v. Hurlbut, 29 Wis., 167; Thorp v. State, 42 Texas Ct. Rep., 231; St. Louis S. W. Ry. Co. v. Smith, 13 Texas Ct. Rep., 41; Gulf, C. & S. F. Ry. Co. v. Johnson, 12 Texas Ct. Rep., 76; Ward v. Cameron, 97 Texas, 466.

But if the court should not agree with us upon the proposition that the bill of exceptions does not show that the jurors owed the poll tax, still, we think, that there was error in the trial court exercising its discretion just as was done. The failure to pay a poll tax is not an absolute disqualification. In some counties a man who has not paid a poll tax is a qualified juror, and in other counties he may not be a qualified juror. The decision of this question is left with the trial judge, and unless it clearly appears that the trial judge abused this discretion to the injury of a litigant, his ruling will not be reversed.

But if the court should find that the bill of exceptions is all sufficient and shows that the trial judge committed error, still we contend that the error was entirely harmless and should not lead to a reversal of the case. It is not contended by the defendant that the two jurors, which it accepted and who actually served upon the case, were not in every respect

fair and impartial. The objection to them is entirely technical, and it is not contended that a different result would have been reached with other jurors. It is well settled that on such a question, as is involved here, appellant is not entitled to a reversal unless the adverse ruling was one which was harmful and may have affected the verdict. Waggoner v. Dodson, 96 Texas, 17; Snow v. Starr, 75 Texas, 411.

This court has decided the precise question in the case of Galveston, H. & S. A. Ry. Co. v. Jackson, 93 Texas, 262. All the authorities seem to be in accord with the Jackson case. Galveston, H. & S. A. Ry. Co. v. Jackson, 53 S. W. R., 81; Gonzales v. Adoue, 56 S. W. R., 543; Galveston, H. & S. A. Ry. Co. v. McGraw, 55 S. W. R., 756.

Complaint is made because the fourth paragraph of the court's charge laid too much stress upon the question of plaintiff's contributory negligence being the proximate cause of the accident, because it is claimed the issue of proximate cause was not an issue in the case. Appellant's brief is consistent in this respect. It contends that none of its acts of negligence could, as a matter of law, have contributed to the accident, but that the plaintiff's conduct, as a matter of law, did produce it. In the case of Galveston, H. & S. A. Ry. Co. v. Pendleton, 70 S. W. Rep., 998, this court said, through Judge Neill: "The question as to whether the negligence of the plaintiff proximately contributed to his injury is as much a question of fact for the jury as the one of negligence itself." This clearly states the law in regard to proximate cause. It would clearly have been error for the trial court to have told the jury that an act of negligence on the part of plaintiff would prevent his recovery, regardless of whether it contributed to the injury or not. The following cases are directly in point: Gulf, C. & S. F. Ry. Co. v. Mangham, 95 Texas Rep., 412; Houston & T. C. Ry. v. Kelly, 34 S. W. Rep., 809; Missouri, K. & T. Ry. v. Rogers, 91 Texas Rep., 52.

It will be noticed that the paragraph of the court's charge assigned as error does not contain the words "proximate cause." The paragraph of the charge submitted the defensive matters, and under such circumstances this court has repeatedly held, that, even though a negligent act of plaintiff would be necessarily the proximate cause of the injury, it would not be affirmative error or cause for reversal to submit to the jury the issue of proximate cause. (Gulf, C. & S. F. Ry. v. Hill, 95 Texas, 629.)

BROWN, ASSOCIATE JUSTICE.—We copy the conclusions of fact filed by the Court of Civil Appeals, as follows:

"Appellee was injured in the sum found by the jury, by jumping from the locomotive of which he was in charge as engineer, which was about to crash into the rear of a freight train standing on the track. The danger was imminent and appellee jumped from the locomotive to save his life. The collision took place between the engine on which appellee was riding, and the caboose of the standing train, through the negligence of appellant in not having a light burning in the cupola of the caboose, and in failing to send a flagman back to warn appellee of the danger of a collision with the standing train. The train into which the locomotive ran had been standing on the track where it was struck for thirty-

five minutes before the collision, and no effort had been made to prevent the train that was following it from running into it. The rules required that a flagman should be sent back, under such circumstances, to warn approaching trains. Appellee had his train under control as required by the rules, and could have stopped it in time to have prevented the collision if the light had been in the cupola of the caboose, or the flagman had been sent out to notify him of the presence of the train."

At the trial, when the jurors were being examined as to their qualifications to serve as jurors, the defendant objected to four of the jurors, because they had answered that neither of them had paid the poll tax due by him to the State of Texas, prior to the first day of February, 1904. The court overruled the objection and the defendant took and filed the following bill of exceptions:

"Be it remembered that upon the trial of the above styled and numbered cause, the following proceedings were had: While the jurors upon the panel, to wit, twenty-four men, were being tested as to their general qualifications on the 8th day of February, 1904, counsel for defendant asked whether all the jurors had paid their poll tax, due and payable before February 1, 1904, and the jurors, Sidney Sheppard, Fred Fischer, W. Schultze and one Elam, all answered that they had not paid said tax. Thereupon counsel for defendant asks that said jurors, Sheppard, Fischer, Schultze and Elam be excused and dismissed, because they were not qualified jurors under the laws of the State of Texas; it was shown to the court by the records of the county collector of Bexar County, Texas, that seven thousand four hundred and two persons in Bexar County, had paid their poll tax, which was due and payable before February 1, 1904, before said first day of February, 1904, and that thirteen hundred and fifty persons in Bexar County had proved their exemption from the payment of such poll tax and obtained their emption certificates before February 1, 1904. The court overruled said objection and refused to excuse and dismiss said jurors from the panel. To which action and ruling of the court the defendant then and there in open court excepted. Thereupon the jury list with said jurors upon it was tendered to this defendant, and this defendant was required to accept same as the panel of qualified jurors, and defendant having exhausted the six peremptory challenges accorded it by law, the following jury was selected to try the case: S. B. Johnson, Gus Hahn, P. C. Langford, W. G. Linartz, Sidney Sheppard, Fred Fischer, Otto Wehmeyer, Albert Fey, Louis Wetz, W. S. Sessor, W. Schultze, and James Styers; and the juror, Sheppard, being subsequently excused on account of sickness, and the jurors, Fred Fischer and W. Schultze, being permitted by the court, over defendant's objection as above set out, to sit upon the jury trying this case. To which actions and ruling of the court defendant then and there in open court excepted as aforesaid, and tenders this its bill of exception No. 1, and asks that the same be signed, filed and made a part of the record herein. This bill is signed with the qualifications, that I knew in Bexar County there were three district courts, each having five terms, or a total of thirty-nine weeks to each court per year, and each court having thirty-four jury weeks during each year, and the jury commissioners for each court selected on an

average of forty or forty-five men for each jury week. In addition to the district courts, the County Court of Bexar County has six terms each year with an average of twenty-four jury weeks each year, and the jury commissioners for the county court selected on an average of twenty men for each jury week; I know that in the City of San Antonio, and Bexar County, there were many nationalities, viz., Germans, Italians, Mexicans, Negroes, Polanders, and others, who are qualified voters but not eligible for jury service because of their inability to read and write English, and many others who are exempt from jury service on account of other statutory grounds. I was of the opinion that when the large number of jurors which are required to serve in the various courts in Bexar County are considered, that to excuse persons who had not paid their poll tax, would interfere with the proper conduct of the courts; and, further, if the jurors who have not paid their poll tax were excused it is doubtful if the requisite number of persons could be found, taking into consideration the legal exemptions, sickness, absence and just excuses, of the other eligible jurors, within Bexar County, to perform the jury service of the various courts. In view of the foregoing, I exercised my discretion and held the jurors qualified. A. W. Seeligson, Judge Fifty-Seventh District."

The jury returned a verdict in favor of the plaintiff below, and the court entered judgment for $10,000 damages, which judgment the Court of Civil Appeals affirmed.

The challenge of the four jurors by the defendant, as shown in the bill of exceptions, was made at the proper time under Article 3220, Revised Statutes, and presented a good ground if those jurors were not exempted, and had failed to pay the poll tax prior to the first day of February, 1904. The qualifications of jurors were then prescribed by Article 3139, subdivision 1, as amended in 1903, which reads as follows:

"Article 3139. No person shall be qualified to serve as a juror who does not possess the following qualifications:

"1. He must be a citizen of the state and of the county in which he is to serve, and qualified under the constitution and laws to vote in said county; but whenever it shall be made to appear to the court that the requisite number of jurors who have paid their poll taxes can not be found within the county, the court may dispense with the requirement of the payment of poll taxes as a qualification for service as a juror."

The answers of the four jurors will be better understood by stating the question and answer as if addressed to each separately, thus: "Have you paid your poll tax due and payable before February 1, 1904?" To which each answered: "I have not paid said tax." The question and answer thus stated fairly present the matter as it was at the time applied to each juror. We think that each must have understood that he was being interrogated about the poll tax he owed, and that each answered with reference to a tax that he was liable to pay. In no other sense would the answer be responsive to the question. The trial judge evidently understood that the jurors, by their answers, had disqualified themselves under the statute, for he states in the bill of exceptions that he signed it "with this qualification," then proceeds to state certain facts known to himself upon which he based this ruling: "In view of the foregoing I exercise

my discretion and hold the juros qualified." If there were a doubt as to the meaning of the jurors' answers, that doubt would certainly be dispelled by the statement of the judge, for it is inconceivable that he should enter into an explanation of why he overruled the objection, if, in fact, it did not appear to his satisfaction that the jurors were liable for the tax; it would have been so much easier to have qualified the bill by saying, it did not appear that the jurors were liable to the tax, than to enter into the extended explanation. We conclude that he stated the only reason there was in his mind. Considering the answers of the jurors and the explanation of the judge, we think there can be no reasonable doubt that upon the trial it appeared to the satisfaction of the judge, as it does from the bill of exceptions to us, that the jurors were disqualified to sit.

It is claimed by the defendant in error that the court had power under the proof made, shown in the bill of exceptions and facts stated of his own knowledge, to dispense with the qualifications prescribed by the statute and thus to qualify the jurors for service. The judge who tried this case in the district court seems to have acted upon the idea that it was a matter of discretion in the trial judge to dispense with the statutory requirement, if he believed the facts existed which would make it improbable that qualified jurors could be found in Bexar County to run all of the courts of that county for one year. If the statute did authorize such action by a judge it would amount to a suspension of the law in Bexar County and would be void under Article 1, section 28, of the Constitution, which provides: "No power of suspending laws in this state shall be exercised except by the Legislature." But the statute does not bear the construction placed upon it. The article copied provides for organizing a jury to try a particular case, and its terms do not embrace anything more. The parties were engaged in a trial of that particular case, and the jurors were being tested as to their qualifications to try that case. If in the examination of the jurors it had been "made to appear" to the judge, that is, shown by evidence furnished by either party, that the requisite number of jurors who had paid their poll tax could not be found to try that case, the judge would have been authorized to dispense with the requirement of the payment of poll tax as a qualification for the jurors to be impaneled in that case and that alone. The reasons assigned by the district judge would have appealed strongly to the Legislature to exempt Bexar County from the operation of the law, but they do not *make it appear* that a sufficient number of jurors could not be found to try that case. Under the facts shown by the bill of exceptions the trial court had no authority to dispense with the statutory requirement as to the qualifications of jurors for the trial of that case, and it was error to overrule the challenges of defendant and to permit the four jurors to remain upon the panel.

It is also contended that the bill of exceptions does not show that the defendant suffered injury by the ruling complained of. It is true that this court has said, the bill of exceptions must show injury to the complaining party in order to authorize an appellate court to revise the action of the trial court in overruling objections to jurors, and if no injury is shown in this case the error is harmless. The statute prescribes

certain qualifications for a juror, and gives to either party the right to have him excluded if he does not possess all of the qualifications. This positive statutory right conferred upon the defendant was denied to it in the trial of this case. If it was not important for jurors to possess the qualifications prescribed, the Legislature wasted their time in so enacting. The question of the importance of the right to the defendant is not a matter for judicial determination; that has already been decided by the Legislature, and, the defendant having been denied a positive legal right, suffered an injury which entitles it to a reversal of this judgment. Mutual Life Ins. Co. v. Hillmon, 145 U. S., 285; State v. Fourchy, 51 La. Ann., 228. In the first case above cited (which consisted of four cases consolidated), the defendants were entitled to twelve challenges but the trial court restricted them to three; the Supreme Court of the United States said: "The denial of the right of challenge, secured to the defendants, entitles them to a new trial." In the second case the trial court overruled a challenge for cause and the juror was sworn and served; the defendant did not challenge that juror peremptorily but subsequently exhausted his peremptory challenges on others, and the Supreme Court of Louisiana said: "When the trial court in a criminal case overruling a challenge for cause of a juror forces the prisoner at the bar to exercise one of his peremptory challenges, and when subsequently before the jury is sworn the accused has been obliged to exhaust all of his peremptory challenges, we think the accused on appeal has disclosed good ground for the reversal of the verdict against him by showing error in the ruling of the court, without the necessity of his affirmatively showing resulting injury from the court's action by the forcing upon the jury of a juror obnoxious to the accused." The authorities are in point and convincing; comment would not elucidate the proposition.

Counsel for the defendant in error submit the proposition that "error will not be ground for reversal unless the injustice to the complaining party will be corrected on a new trial," citing Galveston, H. & S. A. Ry. Co. v. Jackson, 93 Texas, 262. The case before the court is very different from the Jackson case, for in this case the defendant was compelled by the error of the trial court to submit its case to jurors obnoxious to it. The injury can be corrected on another trial by allowing the defendant all of the challenges which the law allows for its protection. The injury did not consist in being required to take jurors who had not paid their poll tax, but in the fact that the court refused to allow the defendant to protect itself against objectionable jurors by using a challenge for cause which the law allowed.

We have examined each of the assignments presented by the plaintiff in error to its applications and find no other error. We deem it unnecessary to discuss any of the assignments except the ninth, which presents an objection to the charge of the court submitting to the jury the question of contributory negligence of the plaintiff. The charge objected to reads as follows: "If you find from the evidence that the plaintiff failed to keep a reasonable lookout for the said standing train, or that he failed to have his train under full control when approaching the Colorado River tank, and that his failure, if any, to do either of

these things was negligence, and that such negligence, if any, contributed to or caused the collision and plaintiff's injuries, if any, then the plaintiff can not recover. In determining the issue of plaintiff's contributory negligence you may look to all the surrounding facts and circumstances in evidence before you, and determine therefrom whether or not the plaintiff used such care as a person of ordinary prudence would have used under the same or similar circumstances. If you believe from the evidence that, in the operation and running of his train, the plaintiff failed to use such care as a person of ordinary prudence would have used under the same or similar circumstances, and that such failure, if there was such failure, contributed to or caused the collision and plaintiff's injury, if any, then plaintiff can not recover." It will be seen that this charge is negative and directs the jury to find for the defendant. It is correct in the conclusion stated, for if the jury found that the act done by the plaintiff was negligent and that it contributed to his injury, they should have found for the defendant as directed by the court.

This question has been presented to this court so frequently of late, that it suggests the propriety of calling the attention of the bar to the following cases upon which the objection is based: Texas & P. Ry. Co. v. McCoy, 90 Texas, 264; Gulf, C. & S. F. Ry. Co. v. Rowland, 90 Texas, 365; and Culpepper v. I. & G. N. Ry. Co., 90 Texas, 627. Chief Justice Gaines wrote the opinion in each of those cases, and carefully distinguished the charges being then examined from charges like this. The charges in those cases were held to be erroneous because they submitted the question as to whether the negligent act contributed to the injury, in such form as to mislead the jury and to impress upon their minds that, although the plaintiff was guilty of negligence in doing an act which necessarily caused his injury, they might yet find for the plaintiff if they found it did not contribute to his injury.

For the error indicated the judgments of the district court and the Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*