## W. N. PARKS v. SAN ANTONIO TRACTION COMPANY.

No. 1584.   Decided June 27, November 28, 1906.

**1.—Charge — Omission — Discretion — Contributory   Negligence — Proximate Cause.**

A charge stating generally the law governing the defense of contributory negligence (getting off a car while in motion) which directs a verdict for defendant if, from the evidence, such negligence is found to have existed, and to have proximately contributed to cause plaintiff's injury, is not affirmative error against defendant, though the evidence was conclusive that the act, if negligent, was also a proximate cause.  (P. 225.)

**2.—Same.**

The distinction between affirmative error and mere omission in such charges depends upon whether the charge directs a verdict for plaintiff, on finding defendant's negligence, unless plaintiff's negligence was also found and found to have contributed to his injury, or merely, by including too much in the facts required to establish the defense, omits to submit an hypothesis on which, defendant was entitled to a verdict.    (Pp. 225, 226.)

**3.—Same—Cases Distinguished.**

San Antonio & A. P. Ry. Co. v. Lester, 89 S. W. Rep., 752, followed, and Texas & P. Ry. Co. v. McCoy, 90 Texas, 264; Gulf C. & S. F. Ry. Co. v. Rowland, 90 Texas, 365, and Culpepper v. International & G. N. Ry. Co., 90 Texas, 627, distinguished.    (P. 225.)

**4.—Practice in Supreme Court.**

Complaints that the verdict is against preponderance of evidence, or is excessive in amount, present questions on which the Supreme Court can not act; and improper argument of counsel, or newly discovered evidence, could only be considered by them as grounds for new trial as matter of law.    Where the Appellate Court, without passing on such assignments, has reversed for error in the charge, and the Supreme Court, granting writ of error because of conflict with previous decisions, has reversed this ruling, the case should be returned to the Court of Civil Appeals for determination of these questions before rendering final judgment.    (Rev. Stats., art. 943; Amendment 1901, Acts 27th Leg., p. 122.)    (Pp. 226, 227.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Parks sued the San Antonio Traction Company and recovered.    Defendant appealed and secured a reversal.    Parks obtained writ of error from the Supreme Court on the ground that the decision conflicted with its previous ruling.

*J. D. Childs,* for plaintiff in error.—The Court of Civil Appeals of the Fourth District, in its opinions in this case, overrules its own previous decisions and the decisions of other Courts of Civil Appeals, as well as those of the Supreme Court in the following cases, and hence the opinions in this case are in pointed conflict therewith, and upon this question of law at least two of the Courts of Civil Appeals hold differently.    Galveston, H. & S. A. Ry. v. Pendleton, 70 S. W. Rep., 996; St. Louis & S. F. Ry. v. Dollie Smith, 79 S. W. Rep., 340; San Antonio Trac. Co. v. Warren, 85 S. W. Rep., 26; Chicago, R. I. & P. Ry. v. Armes, 74 S. W. Rep., 77-80; San Antonio & A. P. Ry. v. Votaw, 81 S. W. Rep., 130; San Antonio & A. P. Ry. v. Lester, 11 Texas Ct. Rep., 816; San Antonio & A. P. Ry. v. Lester (Texas Sup.), 13 Texas Ct. Rep., 816; Texas & Pac. Ry. v. Brown, 78 Texas, 402; Sabine & E. T. Ry. v. Wood, 69 Texas, 679; Gulf, C. & S. F. Ry. v. Hill, 95 Texas, 629.

The fourth paragraph of the court's charge was not erroneous, because it properly charged the jury in accord with the plea of contributory negligence, and the said charge, instructing a verdict for the defendant, if the jury believed that the plaintiff was guilty of negligence and that such negligence proximately contributed to his injury, was a correct proposition of law, and contained no affirmative error.    San Antonio & A. P. Ry. v. Lester, 13 Texas Ct. Rep., 816; San Antonio & A. P. Ry.

v. Lester, 11 Texas Ct. Rep., 819; Galveston, H. & S. A. Ry. v. Pendleton, 70 S. W. Rep., 996; San Antonio & A. P. Ry. v. Votaw, 81 S. W. Rep., 130; St. Louis & S. F. Ry. v. Dollie Smith, 79 S. W. Rep., 340; Chicago, R. I. & P. Ry. v. Armes, 74 S. W. Rep., 77-80; San Antonio Trac. Co. v. Warren, 85 S. W. Rep., 26; Missouri, K. & T. Ry. v. McElree, 16 Texas Civ. App., 182; Gulf, C. & S. F. Ry. v. Mangham, 5 Texas Ct. Rep., 331; Houston & T. C. Ry. v. Kelly, 34 S. W. Rep., 809; Missouri, K. & T. Ry. v. Rogers, 40 S. W. Rep., 956; Texas & Pac. Ry. v. Brown, 78 Texas, 402; Sabine & E. T. Ry. v. Wood, 69 Texas, 679; Gulf, C. & S. F. Ry. v. Hill, 95 Texas, 629; Gulf, C. & S. F. Ry. v. Rowland, 90 Texas, 365, 366, 369, 371.

*Ogden & Brooks,* for defendant in error.—There is no such conflict between the opinion of the Court of Civil Appeals in this case and the cases relied on by the plaintiff in error as authorizes this court to retain jurisdiction of this cause. (1) There must be an irreconcilable conflict between the case at bar and at least one of the cases relied on. Red River, T. & S. Ry. v. McKerley, 86 S. W. Rep., 921. (2) There must be a conflict on the precise question presented, and the question must be the same as that decided in the case in which the writ of error is sought. Mann v. Durst, 90 Texas, 76; Bassett v. Sherrod, 90 Texas, 32; Hannaway v. Railway, 94 Texas, 76; Gossett v. Citizen's Railway, 69 S. W. Rep., 976.

Under the testimony in this case if the jury found that the plaintiff was guilty of negligence in alighting from the car, in the manner or under the circumstances that he did, then there could be no issue to be submitted to the jury as to whether his act in so doing proximately caused or contributed to his injuries, and it was error to submit the issue of proximate cause to the jury. Gulf, C. & S. F. Ry. v. Rowland, 90 Texas, 365; Gulf, C. & S. F. Ry. v. Hill, 70 S. W. Rep., 107; Texas & Pac. Ry. v. McCoy, 90 Texas, 264; Culpepper v. International & G. N. Ry., 90 Texas, 627.

WILLIAMS, ASSOCIATE JUSTICE.—The Court of Civil Appeals reversed the judgment in favor of plaintiff in error and remanded the cause for a new trial. The plaintiff in error asserts that the decision of the Court of Civil Appeals of the point upon which the reversal was rested conflicts with the decision of this court in the case of San Antonio & Aransas Pass Railway v. Lester, 89 S. W. Rep., 752, and we are of opinion that this is true. The judgment of the District Court was recovered by Parks as damages for personal injuries which he claims were caused by the negligence of the servants of the traction company in so suddenly starting a street car from which he was in the act of alighting as to throw him to the ground. Among the defenses was the charge that the plaintiff was guilty of negligence contributing to his injuries in jumping from the car while it was in motion.

The charge of the trial court submitted to the jury the facts alleged by the plaintiff and instructed that if they should be found to exist and to show negligence causing the injuries the plaintiff would be entitled to recover. Upon the subject of contributory negligence the charge contained only the following:

"You are further instructed that if you believe from the evidence that the plaintiff was guilty of negligence in alighting from the car at the time or in the manner or under the circumstances that you find from the evidence that plaintiff did alight from said car, and that such negligence, if any, proximately caused or contributed to plaintiff's injuries, if any, you are then instructed to return a verdict for the defendant; and by 'negligence,' as here used, is meant the failure to use 'ordinary care,' and by 'ordinary care' is meant such care as a person of ordinary prudence would have used under like circumstances."

No requests for special instructions appear in the record. The Court of Civil Appeals were of the opinion that the clause of the special charge reading, "and that such negligence, if any, proximately caused or contributed to plaintiff's injuries," was affirmative error, in that it submitted as an issue to be determined by the jury that about which the evidence left no question, since the supposed negligence of the plaintiff, if established, must necessarily have contributed proximately to the fall.

It will be seen, from an examination of the Lester case, that the charge there under review contained the same feature, and that the objection made to it was the same as that now urged against the charge in this case, and that it was overruled by this court. Charges upon contributory negligence like that before us, which merely state all of its elements, are correct statements of the law upon the subject, and, as they direct only a verdict in favor of the defense if the supposed facts exist, there is no positive error in them. When the case justifies a fuller or more pointed instruction, it becomes the duty of the defendant to ask for it. Such a charge does not direct the jury to inquire whether or not the negligence of the plaintiff contributed to the occurrence, and that, should they find it did not, the verdict should be for plaintiff; and herein lies the true distinction between the two classes of cases which have been passed upon by this court. (Texas & P. Ry. Co. v. McCoy, 90 Texas, 264; Gulf, C. & S. F. Ry. Co. v. Rowland, 90 Texas, 365; Culpepper v. International & G. N. Ry. Co., 90 Texas, 627; San Antonio & A. P. Ry. Co. v. Lester, supra.) In each of the three first-named cases the charge, in effect, directed the jury to make inquiry as to the existence of the fact which the evidence conclusively established, and told them that if they found that it did not exist the plaintiff would not be defeated by his own negligence; in other words, the jury were told that, although the plaintiff may have done the thing charged against him as negligent, and although it may have been negligent, he could still recover if it did not proximately contribute to his injury, when the patent fact was that it did contribute. This is what this court held to constitute affirmative error, because it, in effect, informed the jury that the fact was in issue, when it was not, and authorized them to find for the plaintiff in opposition to the uncontroverted evidence. The charge in this case contained no such instruction in favor of the plaintiff. The distinction, upon the mere statement of it, may appear to be a close one, but it is really a substantial and important one, for upon it depends the further question as to the duty of parties to aid the trial courts in the submission of their causes of action or grounds of defense by supplying mere omissions and deficiencies in instructions given.

To illustrate, there being nothing in the charge given affirmatively authorizing the jury to return a verdict for plaintiff, although he may have been negligent, if his negligence did not contribute to his damage, a further instruction that the uncontroverted evidence showed that, if he had done the act charged against him, it did so contribute, and that, therefore, if they should find that he did the act, and that it was negligent, they should sustain the defense, would have been substantially consistent with all the other instructions, and would have made the charge as full as the defendant claims it should have been. This proves that that which is complained of was a mere omission, for, if it were a wrong statement of the law, a correct statement of it would introduce a conflict. In the other class of cases, since the charges required the jury to find whether or not the negligence of the plaintiffs contributed to their injuries, and to decide in favor of the plaintiff if such was not found to be the fact, a further instruction, such as we have supposed, as to the effect of the uncontroverted evidence, would have been in conflict with the directions already given. This seems to us to be the fair way in which to determine the question whether or not the charge has merely omitted a proper instruction, or has given a positive misdirection, and the dependent question whether or not it was the duty of the party to request further instructions. The rule in our practice which permits a party to complain in the Appellate Courts of positive errors in the charges of trial judges, without having in any way excepted or called attention to them at the trial, is quite liberal enough, and should not be allowed to embrace cases like this, where the instruction is entirely favorable to the complaining party, and is merely deficient in not going as far as he might have carried it by requested instructions.

We are of the opinion that the Court of Civil Appeals erred in reversing the judgment of the District Court for the reason given, and that it did not err in overruling the assignments complaining of other parts of the charge and of the admission of evidence. If these were all of the reasons assigned for reversal it would be our duty to affirm the judgment of the District Court. But there are other assignments of error, raising questions which the Court of Civil Appeals did not deem it necessary to decide after it had reversed the judgment.

It is claimed that the verdict is against such an overwhelming preponderance of the evidence, and is so excessive that a new trial should be granted. These assignments, of course, present nothing upon which this court can act, there being no claim that the verdict has no evidence to support it. But defendant has the right to have the Court of Civil Appeals determine these questions before its appeal has been finally decided.

The assignments of error also claim that a new trial should have been granted because of improper remarks of plaintiff's counsel in his closing argument to the jury, and because of newly discovered evidence. The Court of Civil Appeals discussed the first of these grounds and condemned the action of counsel, but did not definitely decide whether or not it may have so affected the verdict as to require a reversal of the judgment, although it intimated a negative of the contention. To the other point the court made no allusion. These assignments present matters which this court might consider so far as to determine whether or

not they are such as entitle the defendant to a new trial as a matter of law; but the Court of Civil Appeals, in connection with its power over the facts, should first determine how far the remarks complained of may have influenced the verdict, as well as the importance of the evidence alleged to have been newly discovered, when compared with all the facts of the case, and whether or not a new trial should be granted for either or both of those reasons, since its authority in such matters is broader than that of this court. The statutes provide that, "if the Court of Civil Appeals has failed to file a conclusion of fact upon any material issue in the case, properly assigned in that court and in the Supreme Court, and that by reason of such failure the Supreme Court is not able to pass upon such assignment, it shall be the duty of said Supreme Court to return the record to the Court of Civil Appeals : . . with directions to make and file a conclusion of fact upon each of such issues, and to return the same with the record to the Supreme Court." It is proper, therefore, that this course should be taken. The record, with a copy of this opinion, will be returned to the Court of Civil Appeals of the Fourth Judicial District, with directions to make its conclusions upon the points indicated, and to return them with the record to this court for such further proceedings and judgment as such conclusions may, in the opinion of this court, make proper.

*Referred to Court of Civil Appeals for further conclusions.*
Opinion filed June 27, 1906.

The Court of Civil Appeals, having complied with the directions heretofore given, and having found nothing in the questions referred to them for decision calling for a reversal of the judgment of the District Court, we are of the opinion that it should be affirmed.

Judgment of the Court of Civil Appeals reversed and that of the District Court affirmed.

*Reversed, and judgment of District Court affirmed.*
Opinion filed November 28, 1906.