SAN ANTONIO TRACTION CO. v. URBAN.

(Court of Civil Appeals of Texas. San Antonio. Feb. 26, 1913. On Motion for Rehearing, April 23, 1913.)

1. CARRIERS (§ 303*)—INJURIES TO PASSENGERS WHILE ALIGHTING—LIABILITY.

A carrier must stop its car at the usual stopping place for a reasonably sufficient time to enable passengers to alight, and, where it does so, it is not liable for injuries to a passenger while alighting unless it knew that the passenger was in a position of danger.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1216, 1218, 1224, 1226–1232, 1234–1240; Dec. Dig. § 303.*]

2. CARRIERS (§ 303*)—INJURIES TO PASSENGERS WHILE ALIGHTING—LIABILITY.

The duty of a carrier to stop its car a reasonably sufficient time to allow a passenger to safely alight is no more imperative than the duty of the passenger to alight with reasonable dispatch, and where a carrier stopped its car for a reasonably sufficient time, but the passenger was not diligent in alighting, the carrier was not liable for damages, unless when the passenger was alighting the carrier knew of his position and then failed to use the high degree of care required to protect passengers from injury, and then only if the passenger was free from contributory negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1216, 1218, 1224, 1226–1232, 1234–1240; 1243; Dec. Dig. § 303.*]

On Motion for Rehearing.

3. TRIAL (§ 256*)—INSTRUCTIONS—REQUESTS—NECESSITY.

An instruction, which correctly states the law as applicable to one theory of the case and which requires a finding of the facts necessary to support that theory, is not affirmatively erroneous for failing to submit the whole case, in the absence of a requested instruction, unless a proper requested instruction covering the whole case or the phase omitted will conflict with the instruction given or will render the whole misleading.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

4. APPEAL AND ERROR (§ 216*)—OBJECTIONS—INSTRUCTIONS—REQUESTS—NECESSITY.

Where, in an action for injuries to a passenger while alighting, the evidence raised the issue whether the passenger proceeded to alight with reasonable dispatch, an instruction that if, while the passenger was about to alight from the car, the car men started the car before the passenger had reasonably sufficient time to alight, and if by reason thereof the passenger was injured, and if the car men were guilty of negligence in starting the car directly causing the injuries, and if the passenger was not guilty of contributory negligence, the verdict must be for the passenger, was not affirmatively erroneous for in effect making a carrier responsible for starting the car as the passenger was about to alight, regardless whether the

passenger acted with reasonable dispatch, and the carrier in the absence of a requested instruction could not complain.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216.*]

5. APPEAL AND ERROR (§ 1002*)—VERDICT — CONCLUSIVENESS.

A verdict on conflicting evidence will not be disturbed as contrary to the preponderance of the evidence.

[Ed. Note.—For other cases. see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

Appeal from District Court, Bexar County; C. V. Birkhead, Judge.

Action by Theresa Urban against the San Antonio Traction Company. From a judgment for plaintiff, defendant appeals. Affirmed on rehearing.

Templeton, Brooks, Napier & Ogden, of San Antonio, for appellant. D. A. McAskill, H. C. Carter, and Perry J. Lewis, all of San Antonio, for appellee.

TALIAFERRO, J. This suit was brought by Theresa Urban, a feme sole, against the San Antonio Traction Company, a corporation, for damages for personal injuries to plaintiff. The petition alleged: That on or about the 18th day of February, 1911, plaintiff was a passenger on one of the defendant's street cars running out East Commerce street, in the city of San Antonio, and when said car arrived at a point north of and opposite to the Southern Pacific passenger station, on said street, the car stopped for the purpose of allowing passengers to alight, and that said place was a regular stopping place for cars to discharge and admit passengers. That while said car was so stopped plaintiff undertook to disembark, and while she was on the rear platform preparing to alight from said car the defendant's employés, in control of said car, negligently put the same in motion, and did not allow plaintiff a reasonably sufficient time in which to disembark, but put said car in motion while plaintiff was in the act of alighting therefrom, whereby she was thrown from the car with great violence and sustained the injuries complained of. The defendant answered by general demurrer, general denial, and a plea of contributory negligence. A trial of the case before a jury resulted in a verdict and judgment for the plaintiff in the sum of $15,000. A motion for new trial was duly presented and overruled.

Appellant's first assignment of error complains of the fourth paragraph of the general charge given by the court, which is as follows: "If you believe from the evidence that on or about the 18th day of February, 1911, the plaintiff was a passenger upon one of defendant's street cars; and if you further believe from the evidence that said car stopped, as alleged in plaintiff's petition, for the purpose of enabling passengers to alight; and if you further believe from the evidence that the plaintiff prepared to alight from said car as alleged in plaintiff's petition; and if you further believe from the evidence that, while the plaintiff was about to alight from said car, defendant's employé put said car in motion before the plaintiff had reasonably sufficient time to alight; and if you further believe from the evidence that, by reason of said defendant's employé putting said car in motion, if it was put in motion, the plaintiff was thrown from the car and injured as alleged in plaintiff's petition; and if you further believe from the evidence that the defendant's employé was guilty of negligence in putting said car in motion when he did, if you find that said car was put in motion; and if you further believe from the evidence that such negligence, if any, directly caused injuries to plaintiff as alleged in her petition; and if you further believe from the evidence that the plaintiff was not guilty of any contributory negligence—then I charge you that your verdict must be for the plaintiff."

[1] It was the legal duty of the appellant to stop this car at the usual stopping place for a reasonably sufficient time to enable passengers to alight therefrom, and, if this was done, the appellant's liability would depend upon the doctrine of discovered peril, and not upon the breach of duty to stop the car for a reasonably sufficient length of time for the passengers to alight. If therefore the appellee was injured in attempting to alight, after the car had been stopped for a reasonably sufficient length of time for her to have alighted therefrom, the defendant would not be liable unless it knew that the appellee was in a position of danger and peril.

Appellee contends that the evidence makes it clear that it was the duty of the motorman in charge of the car not to start the same until he knew all the passengers who desired to alight had done so, and that his view from the front platform was sufficiently clear for him to have assured himself of this fact before he started the car. It is a sufficient answer to such contention to say that no such ground of negligence was submitted to the jury, and it cannot be urged as excuse for erroneous submission of the only issue submitted. If appellee had desired the issue of discovered peril submitted, it could have asked a charge upon that theory, and such charge, if correctly drawn, would have given plaintiff the protection of the well-known rules of law relating to discovered peril. The charge in question, however, had the effect of making appellant responsible for starting the car as she was about to alight, regardless of whether liability attached therefor under the rules relating to discovered peril, and to this appellant objects.

The rule rquiring the car to remain stationary a reasonably sufficient time to ena-

---

ble passengers to disembark was, in a general manner, correctly given to the jury in the second paragraph of the charge; but the complaint is directed to the fourth paragraph of the charge, in which this rule is attempted to be applied to the facts in this case. The time of stoppage, under the rule, is to be contemplated from the beginning of the stop to the end thereof; that is, the time the car remained stationary, and whether or not such time is "reasonably sufficient" is a question for the determination of the jury, and, there being an issue raised by the evidence in this case on that question, it should have been submitted to the jury by the court. The language in paragraph 4 upon this particular question, which is complained of in appellant's propositions under various assignments, is as follows: "And if you further believe from the evidence that, while plaintiff was about to alight from said car, defendant's employé put said car in motion before the plaintiff had a reasonably sufficient time to alight." We think this means the same as if the words "to do so," or "to complete the operation," had been used instead of the words "to alight." Under this instruction the jury would have been warranted in finding for the plaintiff, if they believed that, after she started to alight, she was not given a reasonably sufficient time to complete the operation, regardless of whether the length of the stop had been a reasonably sufficient time in which to alight and, in fact, without at all considering the length of time that the car remained stationary, or whether such time was, or was not, reasonably sufficient to enable passengers to alight. That is not the law. In the case of Railway v. Booth, 97 S. W. 128, this court held: "It is the duty of railway companies to stop their trains at stations for a time reasonably sufficient to allow passengers to get off or on the cars, and in case injuries should be inflicted by a failure to perform this duty the railway company would be liable for all damages arising therefrom. When the train had been stopped for such reasonable time as is necessary for the egress and ingress of passengers, it is not required to give notice of its departure, and it owes no further duty, except to use its utmost efforts to protect any person who might be discovered in a position of peril." Railway v. Williams, 70 Tex. 159, 8 S. W. 78; Railway v. Mathes, 73 S. W. 411.

[2] If the car was stopped for a reasonably sufficient time to enable passengers to alight, and the plaintiff, instead of using such "reasonably sufficient time" in getting off the car, was not diligent in making her exit therefrom, the appellant would not be liable to her for damages, unless, when she was alighting, or about to alight, the appellant knew of her position of danger, and then failed to use the high degree of care required of carriers of passengers to protect them from injury (Railway v. Rose, 93 S. W. 1105); and

then only if she was free from fault in contributing to the injury (El Paso Ry. Co. v. Boer, 108 S. W. 199; Railway Co. v. Booth, supra).

The charge refers the jury to the allegations of the petition as to how the car stopped, but when we turn to the petition we find the allegation to be that "plaintiff further avers that, while said car was stopped, she undertook to disembark, *and, while she was on the rear platform preparing* to alight .from said car, the defendant's employés in charge of the car negligently put the same in motion before plaintiff had a reasonably sufficient time to alight therefrom." This allegation sheds no light upon the charge. What process of preparation was plaintiff conducting? Was her preparation mental or physical? How long had it taken her? There was evidence that she hesitated on the back platform, and there is evidence that the car, upon the whole, was stopped for a time sufficient to have allowed all passengers, in the exercise of ordinary dispatch, to have alighted. The jury could have believed that they were instructed to find for plaintiff if the car was started before she had a reasonable time to alight, after she made up her mind to alight. Does not this allegation in fact emphasize the error, because the preparation is alleged to have been made while she was on the rear platform, and the jury could not by referring to said allegation become informed that the words "prepared to alight from said car as alleged in plaintiff's petition," used in the charge, meant to inform them that the reasonably sufficient time to alight should be computed from the time the car stopped.

Paragraph 5 of the general charge of the court reads as follows: "If, on the other hand, you do not find from a preponderance of the evidence that the motorman was guilty of negligence in starting the car in the manner and under the circumstances you find he did, you will find for the defendant; or if you do not find from the preponderance of the evidence that the plaintiff was thrown from the car by reason of the same having been started, then in that event also you will return a verdict for the defendant."

We do not think that this paragraph cures the vice in the charge; for, as above stated, paragraph 4 instructed the jury that it was negligence on the part of appellant if, while plaintiff was about to alight, the appellant's employé put the car in motion before she had a reasonably sufficient time to complete the operation, and the testimony showing as it does without contradiction that the car was started as she was about to alight, we do not see how the jury could have arrived at any finding thereunder unless they disregarded either the evidence or that part of the charge in paragraph 4 complained of by the appellant, or believed plaintiff to be guilty of contributory negligence.

Appellee contends that, even if the charge

is subject to the criticism directed to it by appellant, the same was not affirmative error, because there is "no testimony whatever indicating that there was any delay or hesitation on the plaintiff's part in leaving her seat in the car; * * * the only evidence which at all squints at any delay or hesitation on the part of plaintiff was that while she was on the back platform * * * the plaintiff seemed to hesitate."

We are unable to follow this distinction in the matter of appellee's delay. The time or place where she may have loitered in her course to dismount from the car can have no bearing upon the question of appellant's duty to stop the car only a reasonable time to allow her to dismount by the use of ordinary diligence. The duty of appellant to stop its car a reasonably sufficient time to allow appellee to safely alight was no greater or more imperative than was the duty of appellee to alight with reasonable dispatch. There was evidence that appellee paused and hesitated for an appreciable time on the rear platform of the car before making an attempt to alight. Harry Robbins testified: "She (plaintiff) was standing there to get off, hesitated there, standing in front of me." And again: "My recollection is Miss Stabenow had got to the sidewalk; I think I saw that myself. During that time Miss Urban certainly had a perfect chance to get off if she wanted to. She may have wanted to get off at the time Miss Stabenow got off, but she hesitated a while. In the meantime Miss Stabenow went over to the sidewalk."

Raymond Barry, another witness offered by defendant, testified: "It seemed as though these two young ladies, Miss Stabenow and Miss Urban, walked out on the back platform and one of them got off the car; the other one seemed as though she was talking with the other one; I wasn't listening to the conversation, I don't know, she hesitated, the bell gave two rings from the front, and the car started, and the lady jumped off and fell on her side. She (plaintiff) was standing on the edge of the platform talking to the other lady when the car started. That girl (referring to Miss Stabenow, plaintiff's companion) had gotten off and was standing there waiting for this one (referring to plaintiff) standing out toward the sidewalk in the street; she had not yet reached the sidewalk. The young lady that got off first was not holding to the railing of the car when it started; she had entirely left the car and got about six or eight feet in the street. I am positive of that."

This evidence was sufficient to raise an issue of fact upon that point, and appellant was entitled to have this issue submitted to the jury. We are of the opinion that, taking the charge as a whole, it submitted to the jury the question of whether or not appellee, as she was about to alight from the platform, was given a reasonably sufficient time to complete the operation, and not whether the car was stopped and held stationary a reasonably sufficient time to give the passengers thereon an opportunity to alight safely. We consider this to be an affirmative error, going to the entire case, and we cannot say that, if charged correctly, the jury would have arrived at the same verdict.

This conclusion makes it unnecessary to pass upon the other assignments presented by appellant's brief.

The judgment of the lower court is reversed, and the cause is remanded.

### On Motion for Rehearing.

[3] Appellee, in her motion for rehearing, urgently insists that, even if the paragraph of the court's charge complained of bears the construction placed upon it by this court, yet it is not affirmative error, because it is not a misdirection of the jury, but is a mere omission by the court to charge in that connection upon the defensive theory of appellant. It is contended that the charge as given was not erroneous, "but a failure to give an instruction which the appellant had a right to demand," and that a charge, which appellant contends would have been correct if given, would not have been in conflict with nor created a confusion in the meaning of the charge which was given. If this contention of appellee is correct, then the charge given by the court was not such affirmative error as to justify a reversal of this case, in the absence of a request for a special instruction upon that theory of the case which appellant contends should have been submitted to the jury. A clear line of decisions, from the case of Chamblee v. Tarbox, 27 Tex. 140, 84 Am. Dec. 614, down to the very lucid and learned discussion of the doctrine by Mr. Justice Williams in Parks v. Traction Co., 100 Tex. 225, 94 S. W. 331, 98 S. W. 1100, has established the rule that a charge, which correctly states the law as applicable to one theory of a case requires a finding of the facts necessary to support such a theory, in the absence of a request for additional instructions, is not affirmative error merely for failure to submit the whole case to the jury, unless the giving of a proper requested charge covering the whole case, or the phase omitted, would present a conflict with the charge given or render the whole unintelligible or misleading. As said by the court in the Parks Case: "The distinction, upon the mere statement of it, may appear to be a close one; but it is really a substantial and important one, for upon it depends the further question as to the duty of parties to aid the trial courts in the submission of their causes of action or grounds of defense by supplying mere omissions and deficiencies in instructions given." Chamblee v. Tarbox, supra; S. & E. T. Ry. Co. v. Wood, 69 Tex. 679, 7 S. W. 372; T. & P. Ry. v. Brown, 78 Tex. 397, 14 S. W. 1034; G. C. & S. F. Ry. Co. v. Hill, 95 Tex.

629, 69 S. W. 136; S. A. & A. P. Ry. Co. v. Lester, 99 Tex. 214, 89 S. W. 752; Parks v. S. A. Traction Co., 100 Tex. 225, 94 S. W. 331, 98 S. W. 1100; Sauer v. Veltman, 149 S. W. 706.

[4] After a careful reconsideration of the charge complained of in this case, we have concluded that we were in error in holding that it presented an affirmative error, and believe it comes within the rule above stated. There is no doubt that a special charge could have been so worded as to fully cover the phase of the case that was omitted in that paragraph of the general charge, and it was the duty of appellant to prepare such a charge and request its submission. Not having done so, it must be presumed to have been satisfied with the general charge.

It becomes necessary for us to dispose of appellant's other assignments of error.

[5] The second, third, and fourth assignments of error attack the verdict of the jury as contrary to the great preponderance of the evidence. Upon all the issues of fact raised by these assignments the evidence was in conflict, and therefore it is not the province of this court to disturb the findings of the jury, and they are overruled.

The fifth assignment of error attacks the verdict as excessive. We find no evidence in the record of passion or prejudice on the part of the jury, and cannot say the amount of damages allowed to the plaintiff was excessive. This also disposes of the sixth and seventh assignments of error.

Our original opinion is amended by striking out that part of it relating to the enforcement of the rules, and the motion for rehearing is granted, and the judgment affirmed.