ALICE CULPEPPER v. INTERNATIONAL & GREAT NORTHERN RAILWAY
COMPANY.

Decided April 26, 1897.

1. Fellow Servants—Statute Repeal.

The repeal of the Act of March 10, 1891, relating to fellow servants, by that of May 4, 1893, did not affect liabilities already incurred under the former act. (P. 631.)

2. Same—Control or Command—Conductor and Engineer Not Fellow Servants.

An engineer, whose train was stopped on the track, was killed by collision with a following train, caused by negligence of his conductor in failing to send out brakeman to flag it. The regulations of the company provided that, "all trains will be run under the direction of conductors, except when their directions conflict with rules or involve risks, in which case the engineer will be held equally responsible." Held, that they were not fellow servants under the statute. (Pp. 632 to 634.)

3. Same.

The extent of the control does not govern in determining the question. (P. 633.)

4. Same.

The engineer, though he has power to act, upon occasion, independently of the conductor, is, in general, his subordinate. (P. 633.)

5. Same.

The mere fact that, upon the happening of some contingency, the engineer may act independently of the conductor, does not, for the occasion, change the general relation of subordination existing between them. (P. 634.)

6. Negligence—Proximate and Remote Cause—Charge.

On the issue of contributory negligence by an engineer, in failing, on stopping his train, to signal brakeman to flag following trains, as required by his regulations, his default, if it was a cause of the injury, was a proximate cause; and it was error to submit such issue under a charge which allowed such contributory negligence to avail as a defense only in case the jury found it to be a proximate cause of the injury. See opinion for charge held erroneous in this particular. (G. C. & S. F. Ry. Co. v. Rowland, p. 365, followed.) (Pp. 634, 635.)

ERROR to Court of Civil Appeals, Fourth District, in an appeal from Smith County.

Alice Culpepper brought suit and obtained judgment against defendant company, for the death of her husband, an engineer in its employ. On defendant's appeal the judgment was reversed by the Court of Civil Appeals, and she obtained writ of error on the ground that the ruling practically settled the case.

*Marsh & McIlwaine*, for plaintiff in error.—When a railroad company has conferred upon one of its servants such power with respect to the superintendence, control or command of other of its servants as to constitute such servant its vice-principal, it then becomes liable to its other employes that are so subjected to such superintendence, control or command, for any negligent act of such vice-principal, while he and the servant are engaged in the common service of the railroad company. Fellow Servant act, supra; Williams v. Railway, 75 Texas, 4; Railway v. Sweeney, 84 Texas, 433; Railway v. Nix, 82 Texas, 473; Railway v. Ross,

112 U. S., 377; Railway v. Warner, 35 S. W. Rep., 364; Railway v. Frazier, 36 S. W. Rep., 432; Railway v. McDonald, 31 S. W. Rep., 72; Railway v. Tatman, 31 S. W. Rep., 33; Railway v. Bowles, 39 S. W. Rep., 89; Railway v. Harding, 33 S. W. Rep., 373; Railway v. Whitaker, 33 S. W. Rep., 716; Pierce v. Van Duser, 78 Fed. Rep., 705; Railway v. Becker, 39 S. W. Rep. (Ark. Sup. Ct.), 358; Railway v. Jones, 39 S. W. Rep. (Texas Civ. App.), 593.

If the conductor on the train was, by appellant, vested with any superintendence or control over deceased, or was vested with authority to direct him in the performance of any duty while he and the conductor were engaged in the common service of appellant, then the conductor and the deceased were not fellow-servants within the purview of the fellow servant act, for by the express terms of that act only such employes of a railway company are fellow-servants as are engaged in its common service, and who, while so engaged, are in the same grade of employment and are working together at the same time and place and to a common purpose, neither being vested with any superintendence or control over the other. (See authorities cited under preceding proposition.)

The common employment in which the conductor and deceased were engaged at the time of the accident that resulted in his death was the running of a train of cars from Palestine to Trinity, and if the conductor had been vested by appellant with any superintendence or control over deceased, or had been by appellant vested with the authority to direct deceased in the performance of any duty pertaining to such common employment, then the conductor was a vice-principal of appellant, and not a fellow-servant of deceased. (See authorities cited supra.)

The conductor having been vested by appellant with the power to superintend, control and manage the movement of the train, and all employes engaged in the operation of the train, embracing the deceased, he was not in the same grade of employment with deceased, and he and deceased were therefore not fellow-servants. Fellow-Servants Act, supra; Railway v. Warner, 35 S. W. Rep., 365; Railway v. Frazier, 36 S. W. Rep.

The repeal of the fellow-servants act of March 10, 1891, by virtue of which this suit was brought, and was pending, at the time of its repeal, by the act of May 4, 1893, does not affect said suit, since the same act which makes the repeal contains a substantial re-enactment of the provision under which this suit was brought. McMullen v. Guest, 6 Texas, 275; Handel v. Elliot, 60 Texas, 145.

The clause of the Constitution of this State which provides "that no retroactive law shall be made," protects the citizen in every legal right, even though it be a claim which one person is entitled to enforce against another under existing law in consequence of a given state of facts, and cannot be divested by legislative enactment. Const., art. 1, sec. 16; Millinger v. City of Houston, 68 Texas, 37; DeCordova v. City of Galveston, 4 Texas, 460.

When the court in its main charge, or in a special charge given at the instance of either of the parties, has correctly charged the law with re-

spect to an issue made by the evidence, it is not error for it to refuse a special charge in substance the same as the charge given by it. Railway v. Kernan, 78 Texas, 294; Railway v. Locker, 78 Texas, 279.

No amount of negligence on the part of a plaintiff will preclude him from a recovery for injuries received by him unless the negligence is such as directly and proximately contributes to the injury, for, to constitute contributory negligence, there must be both a want of ordinary care on the part of the plaintiff and a proximate connection between that and the injury. The court, therefore, did not err in its charge in the particulars complained of by appellant. Railway v. Ormond, 64 Texas, 489; Railway v. McCay, 3 Texas Civ. App., 298; Railway v. Danshank, 6 Texas Civ. App., 385; Railway v. Garcia, 75 Texas, 583; Railway v. McClain, 80 Texas, 85; Telegraph Co. v. Grimes, 82 Texas, 89; Beach, Contributory Negligence, sec. 3; Railway Accident Law (Patterson), sec. 58; Wharton's Law of Negligence, sec. 303; Woods' Master and Servant, 683, and authorities cited in note 2; Cooley on Torts, 674 et. seq., and authorities cited in notes.

Although the rules of defendant company may have made it incumbent on deceased, when or before he stopped his locomotive, to give signals for a flagman to be sent back to protect his train, and although deceased failed to do this, yet if his act in this respect was not the direct and proximate cause of the accident, but the direct and proximate cause was the failure of the conductor, the vice principal of appellant, to send back a flagman when he knew or should have known of deceased's exposed or dangerous position under the locomotive, the appellees would have a cause of action. Railway v. Watson, 8 So. Rep., 249; Hissong v. Railway, 8 So. Rep., 776; Schumacher v. Railway, 39 Fed. Rep., 174; Romick v. Railway, 17 N. W. Rep., 458; Conner v. Railway, 52 N. W. Rep., 1092; Railway v. Dwyer, 36 Pac. Rep., 1106; 14 Am. and Eng. Encycl. of Law, 866, and authorities cited in note; Bailey's Masters Liability for Injuries to Servants, 445 et. seq.; Note to the case of Stokes v. Saltonstall, 13 Peters, 181, 10 L. C. P. Edition, 115. See also authorities cited to sustain preceding proposition.

If it be true that the rules of appellant require that deceased, before stopping his locomotive, should have given signals to have a flagman sent back to protect the train, and his failure to obey the rules in this respect was the direct and proximate cause of the collision, then appellees could not recover. But, upon the other hand, although there was a rule to the effect above set out, and although deceased failed to be governed by the same, yet if the conductor was in fact a vice-principal of appellant and he was apprised of the dangerous position of deceased, or could by the exercise of ordinary care and diligence have discovered his perilous position in time to have flagged the train and thereby avoided the collision, appellant would be liable to appellees for such pecuniary damage as they sustained from the death of deceased. Railway v. Wallace, 76 Texas, 637; Hissong v. Railway, 8 So. Rep. (Ala.), 776.

*John M. Duncan* and *T. N. Jones,* for defendant in error.—If the death of J. J. Culpepper was not caused by such contributory negligence on his part as would prevent a recovery, still, at the time and under the circumstances of his injury, he was engaged with the conductor, by whose negligence it is claimed he was injured, in a common service, in the same grade of employment, working together at the same time and place, to a common purpose, constituting them fellow-servants, and so, the court should have instructed the jury to return a verdict for defendant, or should have granted a new trial, upon the ground that the evidence showed that deceased and those by whose negligence he was injured were fellow-servants, within the meaning of the statute, at the time and place of the accident.   Act of 22d Legislature, March 10, 1891;  Railway v. Warner, 35 S. W. Rep., 365;  Railway v. Frazier, 36 S. W. Rep., 432; Railway v. Totman, 31 S. W. Rep., 333;  Moore v. Jones, 39 S. W. Rep., 593.

The verdict of the jury was contrary to the law as charged by special instruction No. 4, asked by defendant, in substance, that the test of the right of plaintiff to recover in reference to the doctrine of fellow-servant is, whether J. J. Culpepper and the conductor of his train were, at the time and place of the accident, and in regard to the things there done or omitted to be done, fellow-servants, and the court should have granted a new trial upon this ground.

The court erred in charging the jury that they should find for the plaintiff upon the question of fellow-servant if they believed that the conductor was intrusted with authority to direct said Culpepper in the performance of any duty as engineer.   Act of 22d Leg., March 10, 1891; Act of 23d Leg., May 4, 1893, p. 120;  23 Am. & Eng. Encycl. of Law, 502;  Sutherland on Stat. Con., sec. 162;  Graham v. Railway, 3 Am. & Eng. Ry. Cases, 289;  Musgrove v. Railway, 50 Miss., 681;   Anding v. Levy, 67 Miss., 58;  Van Inwagen v. City of Chicago, 61 Ill., 31;  People v. Livingstone, 6 Wend., 527;  Bennett v. Hughes, 1 Neb., 419;  Bailey v. Mason, 4 Minn., 430;  Lamb v. Schotter, 54 Cal., 319;  Wilson v. Railway, 64 Ill., 542;  75 Ill., 587;  Moore v. Seeton, 31 Ind., 11;  Railway v. Kenton Co., 12 B. Munroe, 144;  Town of Belvidere v. Railway, 34 N. J. Law, 193;  Tivy v. People, 8 Mich., 128;  Knox v. Baldwin, 80 N. Y., 616.

The stopping of the front section of train No. 43, on the main track, and at the point where it stopped, involved great risk, and therefore under the rules of the company, and with respect to that stop, the conductor had no supervision, authority or control over the engineer, and did not and could not, under the rules, influence the mind of the engineer with regard to the making of the stop which caused the accident, nor in regard to any collateral cause; so that, in respect to the accident, the conductor was not a vice-principal to the engineer, but they were fellow-servants.

The court erred in charging the jury, in effect, that the negligence of the deceased must have been the direct and proximate cause of the injury before a recovery could be defeated upon the ground of contributory neg-

ligence, when the rule is that if deceased was guilty of the slightest want of ordinary care, contributing proximately to his injury, the plaintiff would not be entitled to recover in this case.

The court erred in charging the jury, in effect, that if the conductor was entrusted with superintendence or control over other employés of the defendant, he could not be a fellow-servant of the deceased, and that if either the engineer or conductor had superintendence or control over their fellow-employes they could not be fellow-servants of each other.

The act of the 22d Legislature of the State of Texas, defining fellow-servants, approved March 10, 1891, having been expressly repealed by the act of May 4, 1893, and the injury resulting in the death for which this suit is brought, having been inflicted on November 15, 1892, plaintiff's cause of action, under the statute, fell with it, upon its repeal, and plaintiff's right to recover, if any, was founded upon the common law, and at common law the engineer and conductor were fellow-servants; so, plaintiff was not entitled to recover. The jury should have been so instructed, or a new trial granted.

GAINES, CHIEF JUSTICE.—This suit was brought by the plaintiff in error, for the benefit of herself and her minor children, against defendant in error, to recover damages for injuries resulting in the death of J. J. Culpepper, her husband and the father of her children. She recovered a judgment in the trial court, but upon appeal that judgment was reversed and the cause remanded by the Court of Civil Appeals. The latter court held that the trial judge should have instructed a verdict for the defendant. It was alleged in the petition for the writ of error, that the decision of the Court of Civil Appeals practically settled the case, and such appearing to be the fact, the writ was granted, and the cause is now before us for disposition.

When the accident occurred which resulted in the death of Culpepper he was the engineer running a freight train of the defendant company, which was immediately followed by another train known as the second section. For the purpose of working on a hot box on the engine he stopped it over a cattle guard in a deep cut near a curve in the track; and while so working under the engine the train was struck by the rear section and injuries thereby inflicted which resulted in his death.

The ground upon which a recovery was sought was, that the conductor of the front train was negligent in not putting out a brakeman to signal the rear section.

The collision occurred on the 5th day of November, 1892, while the act of March 10, 1891, in relation to fellow-servants of railroad companies was in force. That act was repealed by that of May 4, 1893 (Laws 1893, p. 121), but the Court of Civil Appeals correctly held, as we think, that the repeal did not affect the question of liability in this case. They however held, also, that the evidence indisputably showed that under the rule established by the former statute the conductor and engineer were fellow-servants; and it was upon this ground that they determined

that a verdict for the defendant should have been .directed. In the latter ruling we think they were in error.

So much of the act of 1891 as applies to the question under consideration, reads as follows:

"Section 1. That all persons engaged in the service of any railway corporations, foreign or domestic, doing business in this State, who are entrusted by such corporation with the authority of superintendence, control or command of other persons in the employ or service of ' such corporation, or with the authority to direct any other employe in the performance of any duty of such employe, are vice-principals of such corporation, and are not fellow-servants with such employe.

"Sec. 2. That all persons who are engaged in the common service of such railway corporations and who, while so engaged, are working together at the same time and place to a common purpose, of same grade, neither of such persons being entrusted by such corporations, with any superintendence or control over their fellow employes, are fellow-servants with each other; provided, that nothing herein contained shall be so construed as to make employes of such corporation, in the service of such corporation, fellow-servants with other employes of such corporation, engaged in any other department or service of such corporation. Employes who do not come within the provisions of this section shall not be considered fellow-servants."

The testimony shows that under the rules of the defendant company, the conductor had general superintendence over the movements of the train and command of all the employes engaged in its operation; but it also tended to show that when the safety of the train became involved the engineer was no longer subject to the absolute control of the conductor, but was empowered to act upon his own judgment. The written rule of the company as to the authority of these employes was' read in evidence and is as follows: "All trains will be run under the direction of conductors, except when their directions conflict with rules, or involve risks, in which case the engineer will be held equally responsible." The contention seems to be, that whenever a risk became involved and the engineer saw proper to stop his train in order to avoid it, for the reason that he was not then subject to the control of the conductor, they became fellow-servants, and so remained as long as that state of affairs continued to exist. But, as we have previously intimated, we are of the opinion that this position cannot be maintained. Merely because, by reason of the engineer's superior technical knowledge and skill in operating the machinery, it was not deemed advisable to empower the conductor to direct the action of the engineer in certain contingencies, it does not follow that the latter was not under the general superintendence and control of the former. The exception emphasizes the rule. Conceding that in case of danger the engineer has power to stop the train, does the conductor cease to have a general superintendence over the train, in case he sees proper to exercise that power? The conductor's authority is not abrogated, but merely restricted for the occasion. Should danger arise and

should the engineer refuse to act, would not the conductor have power to order him to act—that is to say, to direct him to take such action as the engineer should deem proper in order to avoid the danger?

The first section of the act quoted, in defining who are to be deemed vice-principals, uses the language "entrusted　＊　＊　＊　with the superintendence, control or command over other persons," etc.   The second, in declaring who are to be considered fellow-servants, excepts those who are "entrusted　＊　＊　＊　with any superintendence, control and command," etc.; and in our opinion makes it manifest, that the extent of the control is not to govern. in determining the question.

But again, in construing the statute in question, we should endeavor to ascertain the evil which the Legislature intended to remedy.   At the time the act was passed the limits of the rule as to fellow-servants, as applied to the employes of railroad companies, were well defined by the decisions of this court.   It was held that there were certain duties, such as providing safe tracks and safe machinery, employing careful and competent servants, and making reasonable regulations for the conduct of the business, which the companies could not devolve upon a mere servant so as to absolve themselves from liability for the neglect of such employes.   It was also held that one employe who had power to employ and discharge others, was, as to such others, the representative of the master and not their fellow-servant.

It was thought that the rule of fellow-servants was calculated to promote care among co-employes, and that upon this principle the doctrine had a reasonable foundation.   But it was considered that, as to those who are under control of another who is invested with the power to employ and discharge them, the principle did not apply.   Hence the exception which was made in such cases.   In Railway v. Williams, 75 Texas, 4, in speaking of a servant who was under another who had authority to employ and discharge him, it is said:   "He may be presumed to exercise an influence over a co-employe who did not employ and has no power to discharge him, calculated to promote care and vigilance on part of the latter, which he cannot or dare not exercise towards one who has the right to terminate his employment."   The same principle applies to some extent at least where one servant has any "superintendence, control or command" over another; and it would seem, that the statute was passed, in part at least, in furtherance of this principle and to extend the exception to all cases coming within the reason of such exception.   If so, the conductor, having general supervision over the engineer throughout the trip, would, as we think, not be deemed under the statute the fellow-servant of the latter.   The engineer, though he has power to act upon occasion independently of the conductor, is, in general, his subordinate, and under some degree of restraint by reason of the relation.   The principle is that where one servant is subject to the control of another he is not to be expected to exercise the same degree of influence over his superior, in promoting care on part of the latter, as one may exercise over another where no such subordination exists.

It is true an employe in one relation may be the representative of the master, while in another he may be a mere fellow-servant with his co-employes. For example, if the foreman of a gang charged with the duty of preserving a safe track fail in the discharge of that duty, the company may be liable if another servant be injured as a result from such failure; while in respect to some other duties, the company would not be responsible to his co-employe for an injury brought about through his negligence. But that principle, in our opinion, does not apply in this case. The mere fact that upon the happening of some contingency the engineer may act independently of the conductor, does not, for the occasion, change the general relation of subordination existing between them. The conductor still has the general control, subject for the time to the engineer's power to act upon his own judgment during the emergency. As soon as the danger is obviated the power of the conductor again comes into play. To hold, that because the conductor may temporarily be deprived of the power to control his subordinate the rule of the statute is not to apply, would be, in our opinion, to confine its operation within limits which the Legislature did not intend to prescribe.

Since we conclude that the Court of Civil Appeals was in error in holding that the trial court erred in its charge to the jury upon the question whether or not the conductor and engineer were fellow-servants, it becomes necessary to consider the other assignments of error relied upon in the brief of counsel. There was evidence tending to show that it was the duty of Culpepper, when he determined to stop the train, to blow his whistle as a signal to the brakeman to take position, so as to prevent a collision by another train, and that he failed to perform that duty. There was also testimony tending to establish that it was the duty of the conductor, upon the stopping of the train, to see that the brakeman went back to signal the approaching train. Upon the question of contributory negligence the court charged the jury as follows: "Now the defendant alleges that the injury to said Culpepper was caused by his own negligence in stopping his train where he did, and in going under his engine when he did, knowing a train was following him, without giving the necessary signal to send back a flagman, and that his own negligence was the proximate and direct cause of the injuries that resulted in his death. Now if the deceased J. J. Culpepper's own want of care in any degree contributed to the injuries complained of, then plaintiff cannot recover; that is, would the injury have happened if said Culpepper had exercised ordinary care. If it would not, plaintiff cannot recover, and you will find for defendant. If, however, you find that said Culpepper was guilty of negligence, yet if such negligence was not the direct and proximate cause of the injury, but that the injury was caused by the negligence of the conductor, and you find that said conductor was not a fellow-servant, but a vice-principal, then defendant company would be liable, and you will so find." This charge is subject to the same objection as that which was held erroneous by this court in the case of the Gulf, Colorado & Santa Fe Railway Company v. Rowland, 38

S. W. Rep., 756 (ante, p. 365). If the engineer was negligent in failing to blow the whistle, and but for that negligence the accident would not have happened—or, in other words, if that negligence contributed to the injury—his failure of duty was undoubtedly a proximate cause of the result, and he was not entitled to recover. Hence, to make a recovery dependent upon the question of proximate cause, submitted both in an affirmative and a negative form, served only to confuse and mislead the jury. The neglect of Culpepper, if neglect it was, was first in point of time, and if the conductor subsequently failed in his duty, his neglect was nearest the result; and the jury may have deemed that the proximate cause, and upon that ground have given a verdict for the plaintiff.

The Court of Civil Appeals seemed inclined to hold that the charge in question was erroneous; but concluded that the error, if any, was removed by certain special instructions given at the request of the defendant company. But we think that the special charges did not have the effect to cure the error in the general charge, and that for that error the judgment of the trial court should be reversed.

The judgment of the Court of Civil Appeals which reverses and remands the cause is accordingly affirmed, but the District Court is instructed to proceed upon a new trial in accordance with this opinion. The defendant in error will recover the costs of the appeal and the plaintiff in error those of the writ of error.

*Judgment of Court of Civil Appeals reversing and remanding affirmed.*