## HILLSBORO COTTON MILLS v. COLEMAN KING ET AL.

### Decided March 28, 1908.

**1.—Master and Servant—Failure to Warn—Injury—Proximate Cause.**

In a suit for damages for personal injuries received by an inexperienced youth while working in a cotton mill, a charge which authorized a recovery by plaintiff if defendant failed to warn him of the danger of the machine with which plaintiff worked, without reference to whether such negligence was or was not the proximate cause of the injury, was reversible error when the evidence did not so conclusively show that the failure to warn was the cause of the injury as to authorize the court to assume that fact.

**2.—Contributory Negligence—Burden of Proof—Charge.**

Upon an issue of contributory negligence, a charge which placed upon defendant the burden of showing not only that plaintiff was guilty of contributory negligence, but also that such negligence was the proximate cause of the injury, was erroneous in that it placed upon. the defendant a greater burden than the law required.

Appeal from the District Court of Hill County.   Tried below before Hon. W. C. Wear.

*Morrow & Smithdeal,* for appellant.—The court erred in giving to

the jury the special charge requested by plaintiff in which the jury are told that the defendant could not defend on account of contributory negligence unless the plaintiff's contributory negligence was the proximate cause of the injury, ignoring the fact that plaintiff's negligence might have contributed to and caused the injury, and impressing upon the minds of the jury that the defendant's right to defend on the ground of contributory negligence was denied by law unless the plaintiff's negligence was the sole cause of the injury. Gulf, C. & S. F. Ry. Co. v. Rowland, 90 Texas, 365; Culpepper v. International & G. N. Ry. Co., 90 Texas, 627; Galveston, H. & S. A. Ry. Co. v. Hubbard, 70 S. W. Rep., 112; Ratteree v. Galveston, H. & S. A. Ry. Co., 26 Texas Civ. App., 197.

*Collins & Cummings* and *Poindexter & Padelford*, for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—The plaintiff, Coleman King, a minor, by next friend, on the 22d day of August, 1906, instituted this suit against the defendant, The Hillsboro Cotton Mills of Hillsboro, Texas, in the District Court of Hill County, Texas, for damages to his right arm and hand, such damages alleged to have been caused by the negligence of the defendant. Plaintiff, among other things, alleges that he was, on or about the 2d day of December, 1905, employed by the defendant in its manufacturing plant in Hillsboro, Texas, he being at that time a minor less than twelve years of age; that he was employed for the purpose of working in the spinning room in taking off full quills or bobbins of thread off of the spindle and replacing empty ones thereon to be filled up; that such employment was that of a doffer at the spinning frame which was usually given to children about the age of the plaintiff, and that the plaintiff by the negligence of the defendant was injured in having his hand caught and crushed and ground up in a carding frame run and operated by the defendant in its cotton mills. The plaintiff alleged two grounds of negligence for which he sought on the trial of this case to hold the defendant liable. First, that the plaintiff was required and ordered and directed by the defendant to work near and in front of and with a carding machine which was a dangerous machine, in putting on and taking off of said machine what is known as a stripper; that the defendant was negligent in allowing grease to be on the floor in front of this carding machine, and that plaintiff in lifting said stripper off of said carding machine stepped in said oil which was upon the floor which caused his foot to slip, he thereby losing his balance, and fell into or across the carding machine and his hand was caught and crushed in the carding machine which was running at said time. This act of negligence on the part of the defendant was in negligently permitting and allowing grease to be and remain upon the floor in front of the carding machine where plaintiff was ordered and directed to work and where he was working for the defendant at the time he was injured, and that the said oil caused his foot to slip and the plaintiff to fall over, on and against said carding machine, and his hand to come in contact with the rollers and they

were jerked into the same and crushed and ground and injured. Second, that the plaintiff was employed by the defendant to work in said cotton mills as a doffer which was to take off full quills or spools of thread which had been spun and to place the same back; that while this was being done the machinery was stopped and there was no danger in it; that the plaintiff was a mere child, less than twelve years of age and had never previously thereto worked around or with a carding machine which was a dangerous machine; that the defendant removed the plaintiff from his services as a doffer and directed and commanded him to work around and with the carding machine in taking off and putting on the stripper; that the plaintiff was inexperienced and ignorant of the danger in working around and with the carding machine, being a minor and uninstructed in the duties of such work, and that he never had been informed and instructed as to the dangers and risks in working near, around and with said carding machine, and that the defendant was negligent in placing and commanding the plaintiff to quit the work of a doffer and to go and work around and with the carding machine, the plaintiff being ignorant of the dangers and risks of working around such dangerous machine which was known to the defendant and that the defendant had not instructed him as to such dangers.

A trial before a jury resulted in a verdict and judgment in favor of appellee for $5,000. A motion for new trial was filed by defendant and overruled by the court, from which ruling defendant prosecutes an appeal.

*Opinion.*—Appellant assigns as error the fourth paragraph of the court's charge as follows: "Now if you believe from a preponderance of the evidence that on or about the 2d day of May, 1906, the plaintiff, Coleman King, was employed by the defendant and was working around or with a carding machine and that the defendant, its servants, agents or employes negligently permitted quantities of oil or grease to accumulate upon the floor in front of, near or around said carding machine and that in so doing you believe the defendant, its agents, servants or employes were guilty of negligence, as the same is hereinbefore defined, and that while the plaintiff was lifting or attempting to lift a stripper he stepped in said oil or grease which caused him to slip or fall into or against the said carding machine and caused his right hand and arm to fall therein and come in contact with the cards then in operation, and injured the plaintiff as alleged, and that said accident and the consequent injuries, if any, was the proximate result of the negligence on the part of the defendant, its servants, agents or employes, as hereinbefore defined; or, if you believe from a preponderance of the evidence that the plaintiff was a youth of such tender years and such lack of judgment and discretion that he did not appreciate and understand the dangerous character of the machine about which and with which he was caused to work by the defendant, its servants, or employes, and that the defendant, its agents, servants or employes knew of the plaintiff's lack of experience and immaturity of

judgment and negligently failed to warn or notify the plaintiff of the dangerous character of said machine, if it was dangerous, and the risks incident to working around the same, if any, and that such failure under the circumstances was negligence on the part of the defendant, as in this charge defined, you will return a verdict in favor of the plaintiff, unless you find for the defendant under instructions hereinafter given you or given you in some special charge."

It is insisted that this charge was erroneous in authorizing a recovery by plaintiff, if defendant failed to warn him of the danger of the machine, without reference to whether such negligence was, or not, the proximate cause of the injury. This contention must be sustained. The charge authorized a recovery by plaintiff if the jury believed that he was a youth of tender years and was so lacking in judgment and discretion that he did not appreciate and understand the dangerous character of the machine about which he was caused to work, and was put to work at a dangerous machine, and appellant knew of his lack of judgment and experience and failed to warn him of the dangerous character of the machine, and that such failure constituted negligence. It does not submit to the jury the issue as to whether such negligence of appellant in failing to warn appellee, was the proximate cause of the injury to appellee.

There was no charge, as appellee contends, submitted to the jury covering this issue. The evidence did not so conclusively show that the failure to warn appellee of the dangerous character of the machine about which he was put to work was the cause of the injury as to warrant the court in assuming this fact. The charge should have submitted the issue to the jury for their determination, not only whether the failure to warn was negligence, but also whether such negligence was the proximate cause of appellee's injuries. Fordyce v. Yarborough, 1 Texas Civ. App., 260; Hillsboro Oil Co. v. White, 41 S. W. Rep., 874; Gulf, C. & S. F. Ry. Co. v. Williams, 39 S. W. Rep., 967; Thompson on Negligence, sec. 4082, also 7916; Missouri, K & T. Ry. Co. v. Cardena, 22 Texas Civ. App., 300; Hutchinson on Carriers, sec. 1428.

At the request of plaintiff the court gave a special charge as follows: "Gentlemen of the Jury: You are instructed that the plaintiff would not be guilty of contributory negligence in working around said carding machine or in placing said stripper in the stripper box, unless you find from a preponderance of the evidence that in so doing he failed to use that degree of care and caution which a child of his age, intelligence and discretion would have used under the same or similar circumstances, and that such failure was the proximate cause of his injury."

Contributory negligence was plead by defendant and the evidence tended to raise the issue. The requested charge placed the burden upon defendant not only of showing that plaintiff was guilty of contributory negligence, but it went further and required defendant to show that such contributory negligence was the proximate cause of the injuries to plaintiff. This charge placed upon defendant a greater burden than the law requires. If the defendant was negli-

gent and plaintiff was also negligent and the negligence of plaintiff proximately contributed to his injuries, he was not entitled to recover. The giving of this charge was error. Gulf, C. & S. F. Ry. Co. v. Rowland, 90 Texas, 365; Culpepper v. International & G. N. Ry. Co., 90 Texas, 627; Weatherford, M. W. & N. Ry. Co. v. Duncan, 10 Texas Civ. App., 484; Ratteree v. Galveston, H. & S. A. Ry. Co., 36 Texas, Civ. App., 197.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*