(Court of Civil Appeals of Texas. Nov. 16, 1910. Rehearing Denied Dec. 14, 1910.)

1. MASTER AND SERVANT (§ 150*)—INJURIES TO SERVANT—NEGLIGENCE—SUFFICIENCY OF EVIDENCE.

Where, without giving the warning required by its rules of intention to move a car, defendant railroad moved a car thereby causing plaintiff, a brakeman, who was on the car discharging his duties, to fall and be injured, defendant was liable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 297, 299–307; Dec. Dig. § 150.*]

2. DAMAGES (§ 132*)—PERSONAL INJURIES—EXCESSIVE DAMAGES.

Where plaintiff, a brakeman, 37 years old and earning about $95 a month, was probably permanently injured, was confined to the hospital about four months, and was 18 months after the accident still suffering with one ankle which unfitted him for the labor he was trained to perform, a verdict for $5,262 was not excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 178, 372–385, 396; Dec. Dig. § 132.*]

Appeal from District Court, Harris County; W. P. Hamblen, Judge.

Action by T. N. Anderson against the Houston & Texas Central Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood and Lane, Wolters & Storey, for appellant. Love & Channell, for appellee.

FLY, J. This is a suit for damages arising from personal injuries alleged to have been received by appellee through the negligence of appellant. A trial by jury resulted in a verdict and judgment in favor of appellee for $5,262.

The evidence showed that appellee was a brakeman in the service of appellant, and that on March 23, 1907, while he was engaged in performance of his duties on the top of a car, he was knocked off and seriously injured in both ankles and his back by the negligence of the servants of appellant in moving the car without giving any signal or warning of the intention to move it. The failure to give the warning was in violation of a rule promulgated by appellant, and upon a compliance with which appellee was relying and was thus thrown off his guard. Appellee was ordered by his foreman to get on the top of a certain car that was moving with others and set the brake after it and the other cars stopped, and then while appellee was about to climb down from his car, without warning, the cars were placed in motion again by the locomotive with such violence that appellee was thrown off and injured. Appellee was 37 years of age, and was earning about $95 a month. He was confined to the hospital for about 4 months, and 18 months after the accident was still suffering with one ankle which unfitted him for such labor as he was trained to perform. The injuries are probably permanent. We find that the injuries were caused by the negligence of appellant and that the verdict is not excessive.

Our conclusions of fact dispose of the two assignments of error, one of which questions the sufficiency of the evidence to show negligence, and the other complains of excess in the verdict.

The judgment is affirmed.

LUDTKE v. TEXAS & N. O. R. CO.

(Court of Civil Appeals of Texas. Nov. 23, 1910.)

1. TRIAL (§ 191*) — INSTRUCTIONS — ASSUMPTION OF FACTS.

Where it appears that a horse ran into a train which was on the crossing, the act of the horse was the proximate cause of the injury, and the court in an instruction was warranted in assuming it.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 191.*]

2. RAILROADS (§ 425*)—OPERATION—INJURIES AT CROSSING—PROXIMATE CAUSE OF INJURY.

Where a horse ran into a railroad train on a crossing, the fact that such train is going at a rate of speed greater than allowed by municipal ordinances does not make such speed the proximate cause of the injury, neither does the fact that, if it had not been for such speed, the train would not have been at that particular point, make the speed the proximate cause of the injury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1527–1533; Dec. Dig. § 425.*]

3. RAILROADS (§ 447*)—OPERATION—INJURIES AT CROSSING—INSTRUCTIONS.

An instruction which assumes that the act of the injured animal was the proximate cause of injury at a crossing, and states that if the defendant could not have avoided the injury

by ordinary care, etc., a verdict should be returned for it, is not erroneous, as disregarding the burdens of ordinary care which are imposed on defendant.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 447.*]

Appeal from Harris County Court; A. E. Amerman, Judge.

Action by J. M. Ludtke against the Texas & New Orleans Railroad Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Fisher, Sears & Campbell and Winston McMahon, for appellant. Baker, Botts, Parker & Garwood, Lane, Wolters & Storey, and Wm. A. Vinson, for appellee.

JAMES, C. J. This is an action for the negligent killing of a horse in the city of Houston, where an ordinance was in force requiring a speed not exceeding six miles an hour. The specific acts of negligence alleged were that appellee had no fence along its right of way; that those in charge of the train failed to keep a proper lookout along the track and right of way; that the bell was not ringing, nor the whistle sounded as the street crossing was approached; and the excessive speed; and the petition charged negligence in each and all of said acts, as the proximate cause of the killing of the horse. There was a verdict for the defendant.

The first assignment complains of the following charge, given at defendant's request: "If you believe from the evidence in this case that the train of the defendant was upon the crossing, or so near said crossing that by the use of ordinary care the accident could not have been avoided at the time plaintiff's horse came to said crossing, and that said horse ran against said train and received the injury complained of, then you will return a verdict for the defendant." There was ample testimony showing that the horse ran into the train at the street crossing. The first and second complaints concerning the above charge are that it failed to require that the act on the part of the horse was the proximate cause of the killing. There could be no question that such act was a proximate cause, and there was no error in the court's assuming the fact. Railway v. Rowland, 90 Tex. 365, 38 S. W. 756; Culpepper v. Railway, 90 Tex. 627, 40 S. W. 386. The third and fourth propositions are that, the fact that at the very moment of the accident the injury could not have been avoided will not relieve the defendant from liability, if this was brought about by its negligence; and that the act of plaintiff's horse in attempting to cross the tracks at a public street, being of itself innocent, and the negligence of the defendant concurring as a cause of its death, defendant cannot be relieved from liability for its negligence on

the ground of inevitable accident; and, fifth, because the charge disregards the question of the negligence of appellee's servants in failing to blow the whistle on approaching the crossing, in failing to continuously ring the bell, and instructs the jury to find for the defendant if the accident could not have been avoided at the time the horse came to the crossing, notwithstanding there was evidence that the whistle was not sounded nor the bell kept ringing as the train approached the crossing, which the jury might have found to be the proximate cause because of lack of warning to the horse, except for said special charge, which peremptorily took from them the consideration of the said two alleged acts of negligence.

The court's main charge told the jury to find for plaintiff, if the excessive speed of the train was the proximate cause of the killing. This was in view of certain testimony which showed that the horse did not run into the engine, but got upon the track and was struck while running along the track. A like charge was given as to the failure to ring the bell continuously. The court gave no specific charge submitting negligence in failing to sound the whistle, and plaintiff asked none. Such failure was, of course, comprehended in the charge on discovered peril, requiring of defendant ordinary care in reference to means at its command to avoid the accident.

The special charge complained of was intended to cover a feature of the case not covered by the main charge.

It is insisted by appellant that if the speed had not been excessive, the train would not have been at the particular place at the time and the horse would have safely crossed; hence the negligent speed could be taken as the proximate cause, and it ought to have been left for the jury to determine this, and that the charge complained of excluded the question from their consideration. We think that if the horse had been run down while on the track, the excessive speed might figure as proximate cause. But we see no causal connection of the speed, where the injury occurs by an animal running directly into a train. The mere fact that the train was in the way was not negligence, because the train was rightfully anywhere upon its track within the city, and it is obvious that the injury would have resulted had the train been moving at the prescribed speed when the animal ran into it. In this connection we may refer to the case of G., H. & S. A. Ry. Co. v. Wink, 31 S. W. 326, from which we quote: "Then again, the facts do not show that the speed of the train was the proximate cause of the accident. The horse suddenly jumped upon the track in front of the engine." If the charge in question is examined it will be seen that it does not tell the jury unqualifiedly that if the animal

ran into the train, to find for defendant. It qualifies this by requiring the jury to find that by exercising ordinary care at the time defendant could not have avoided the accident. This involved consideration of the giving of signals. We conclude that, apart from the issue of discovered peril, the act of the horse, if it ran into the engine, was clearly a proximate cause of its death, which it was not necessary to submit to the jury. The second and third assignments of error are overruled.

Judgment affirmed.