## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. LITTLE.

(Court of Civil Appeals of Texas. Texarkana. May 16, 1913. Rehearing Denied June 5, 1913.)

CARRIERS (§ 321*)—ACTIONS FOR INJURIES—INSTRUCTIONS.

In an action for injuries by a person who boarded a train with a passenger for the purpose of assisting her to a seat and attempted to alight after the train started, where the only evidence as to the conductor's knowledge of his intention to alight was that relating to a conversation between plaintiff and the conductor, an instruction claimed to have authorized a finding of such knowledge, even though he did not have such conversation, could not have misled the jury, and was not reversible error under rule 62a for Courts of Civil Appeals, prohibiting reversals for errors not amounting to such a denial of appellant's rights as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1336, 1343; Dec. Dig. § 321.*]

Appeal from District Court, Cherokee County; Jas. I. Perkins, Judge.

Action by G. H. Little against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

E. B. Perkins, of Dallas, Marsh & McIlwaine, of Tyler, and D. Upthegrove, of Dallas, for appellant. J. C. Box and Lee G. Carter, both of Jacksonville, for appellee.

LEVY, J. Appellee accompanied his niece and her two small children to the station at Mt. Selman, so that they might take appellant's regular passenger train to Tyler. It was dark when the train was due and arrived. Appellee boarded the train with his niece and her two children—one an infant—for the purpose only of assisting and providing them with seats. According to the testimony of appellee, he stated to the conductor, who was standing at the steps of the platform of the car, that he was merely going on the train to assist his niece and her children, and that he wanted him to hold the train until he could do so and alight, and the conductor said all right. According to the testimony of the conductor, he asked appellee, when he presented himself at the car steps, where he was going, and the appellee replied that he "was going on with the lady," and, as the lady had said she was going to Tyler, he understood appellee was to be a passenger for Tyler. Just before appellee placed his niece and her grip in a seat the train started to move. He placed his niece and her child in a seat, and then started to alight, and, undertaking to step off the train while it was moving, was thrown to the ground, and thereby received injuries. Claiming that the injuries were occasioned through the negligence of appel-

lant, the appellee brought the suit for damages. The verdict of the jury settled all issues of fact in favor of appellee. The verdict involves the finding of fact that appellant was guilty of the negligence pleaded proximately causing the injury, and that appellee was not guilty of contributory negligence. The evidence warrants the findings, and supports the amount of the verdict.

The first assignment of error complains of a paragraph of the court's charge. The objection is that it was calculated to lead the jury to believe that the conductor knew the intention of appellee to disembark, when there was a sharp conflict in the evidence as to the conductor's knowing the purpose of appellee. The court was not undertaking to apply the law to the facts, but was giving an abstract outline of the principles of law appertaining to the general duty owing by railway companies to persons who go upon trains for the purpose of assisting female passengers. We do not think the jury could reasonably have been misled to appellant's injury by the charge.

A paragraph of the court's charge is objected to on the ground that it was calculated to lead the jury to believe that, although the appellee did not have the conversation with the conductor which he testified he had, the conductor, in the opinion of the court, otherwise knew or should have known of the intention of appellee to disembark. As there was no evidence that the conductor knew the appellee's purpose to disembark, outside of the conversation between him and appellee, it is not at all likely that the jury understood otherwise than that the court intended they should decide the conductor's knowledge of appellee's purpose from and by the conversation between them. We do not think the assignment should be held reversible error in this case. Rule 62a (149 S. W. x).

We conclude that the third assignment, complaining of the court's charge, does not afford sufficient ground for the reversal of the case. Parks v. Traction Co., 100 Tex. 222, 94 S. W. 331; Rule 62a.

We have carefully considered the fourth assignment, complaining of excessive amount, but it is believed that the decision in that respect by the jury cannot properly be disturbed.

The judgment is affirmed.