## U. M. MOUNCE v. J. H. CROWSON ET AL.

### Decided March 10, 1910.

**1.—Juror—Previous Knowledge.**

That a juror had as a grand juror previously investigated the evidence involved in a civil suit was not a legal disqualification; his silence when asked as to previous knowledge was not ground for new trial in the absence of showing that he was biased or the party complaining was injured.

**2.—Bill of Exceptions to Evidence.**

Where neither the bill of exceptions to the overruling objection to evidence

nor the statement of facts show what the testimony was nor that it was actually received, no ground for reversal is shown.

### 3.—Fraud—Innocent Purchaser—Charge.

Plaintiff sought damages for fraud committed by one defendant and recovery of property obtained thereby from purchasers alleged to have had notice of the fraud. A charge requiring a verdict for all the defendants if the purchasers had no notice of the fraud was error demanding reversal of the judgment in favor of the defendant from whom damages were sought for its perpetration.

Appeal from the District Court of Cass County. Tried below before Hon. P. A. Turner.

*Hugh Carney*, for appellant.—On failure of the juror to disclose previous information: Texas & P. Ry. Co. v. Elliott, 22 Texas Civ. App., 31; Hanks v. State, 21 Texas, 526; Hawkins v. Andrews, 39 Ga., 118, citing 3 Blackstone, page 363, and Columbus v. Goetchius, 7 Ga., 139; 24 Cyc., 278; 1 Thompson on Trials, sec. 60, notes and cases cited; 17 Am. & Eng. Ency. Law., 1131, citing Spear v. Spencer, 1 Greene (Iowa), 534.

Under the pleadings plaintiff would have been entitled to recover of defendant, Crowson, the $400 paid in cash and the value of the house and lot, even if Spivey and Stewart had bought in good faith and without notice. Mitchell v. Zimmerman, 4 Texas, 75.

*Thomas N. Graham*, for appellees.

HODGES, ASSOCIATE JUSTICE.—The appellant instituted this suit against the appellees, Crowson, Spivey and Stewart, in which he seeks to recover from Spivey and Stewart a house and lot in Atlanta, Cass County, and a judgment for $400 against Crowson. It appears from the record before us that Crowson was the owner of a patented device for making fish-traps and the right to sell the same. After his arrival at Atlanta he organized a private corporation for carrying on his business, and sold the appellant some shares of the stock, the consideration paid being the house and lot involved in this suit and $400 in cash. Appellant claims that, through the false and fraudulent representations made to him by Crowson, he was induced to pay the consideration mentioned, and that the shares of stock were worthless. Shortly after the lot was conveyed to Crowson he sold it to Spivey, Stewart and T. G. Wood. Subsequently Stewart purchased the interest of Wood, giving therefor his negotiable promissory note with a vendor's lien to secure its payment. Crowson answers generally and specially; and Spivey and Stewart, among other defenses, claim to be purchasers for value and without notice of any fraud in the transaction between Crowson and appellant. Upon a verdict of the jury a judgment was rendered in favor of all the defendants in the suit.

The first assigned error complains of the refusal of the court to grant a new trial, "because one of the jurors, to wit, S. H. Hood, had been a member of the grand jury which indicted Crowson, one of the defendants, for swindling, and as a member had heard all of the evi-

dence of plaintiff in this cause when said grand jury was investigating the matters on which said indictment was laid, though when plaintiff's attorney questioned the jury in this cause on their voir dire, and asked said panel of jurors if any of them had heard any of the facts in said cause, or knew anything about the facts in said cause, after fully explaining the nature of the suit, the said juror, S. H. Hood, remained silent, and neither plaintiff nor his attorney knew that said juror, S. H. Hood, had been a member of said grand jury." The foregoing is all that is stated in the motion with reference to the facts relied upon as disqualifying the juror. No affidavit is attached or referred to in which the facts are positively set out in support of the averments in the motion. Assuming that the motion as presented was sufficiently positive in the averment of facts to require the court's consideration without an accompanying affidavit, we do not think the reason given would justify granting the new trial. Having been a member of the grand jury under the circumstances alleged was not, in itself, a legal disqualification to sit as a juror in this case. The situation in which that position placed the juror was not such as would require the court to presume as a matter of law that he was biased thereby to the extent of total disqualification to pass upon the property rights involved in the civil action. It will be observed that the appellant does not claim in his motion that the juror was biased or prejudiced one way or the other. The grounds urged merely rest on the statement of an abstract proposition, in itself unsound, without any attempt to show injury resulting from the juror's past service on the grand jury. This is not sufficient. Had a positive legal disqualification been shown, a different question would have been presented. San Antonio & A. P. Ry. Co. v. Lester, 99 Texas, 214, 89 S. W., 752.

The facts are ample to sustain the defense of Spivey and Stewart upon their claim of purchase for value without notice of any fraudulent conduct affecting the contract between the appellant and Crowson. Appellant complains of the action of the court in permitting the witness Smith to "testify as to the contents of a certain promissory note." The bill of exceptions referred to in appellant's brief fails to point out the particular testimony to which he objected. It says: "The plaintiff objected to the court allowing witness Smith, for the defendants, to testify as to the contents of a certain promissory note which was shown to be in the possession of said witness, on the ground that the note itself was the best evidence, and no predicate having been laid that said note was lost or misplaced, which objections the court overruled, and counsel for plaintiff excepts." The testimony objected to is not set out in the bill of exceptions, nor does the bill indicate where this may be found in the record. It also fails to state whether or not the testimony objected to was, in fact, given before the jury, but merely says that "the court overruled the objection." This omission, however, might not be considered fatal if the statement of facts showed that the objectionable evidence was heard by the jury. We are unable to say that this was the case. The assignment refers to a "certain promissory note," without giving any means of identification. Neither does it state what portion of the testimony relating to the contents is referred to. We think the bill

was not a sufficient compliance with the requirements of the law. International & G. N. Ry. Co. v. Leak, 64 Texas, 654; Gulf, C. & S. F. Ry. Co. v. Brown, 16 Texas Civ. App., 93, 40 S. W., 609; Hereford Cattle Co. v. Powell, 13 Texas Civ. App., 496, 36 S. W., 1037; Jamison v. Dooley, 98 Texas, 206, 82 S. W., 780.

However, we think the case should be reversed as to Crowson for the error committed against the appellant in charging the conditions under which a verdict should be returned for the defendants in the suit. The court instructed the jury that if they found that Spivey and Stewart bought in good faith and without notice, to find in favor of all the defendants. This was error, for the reason that the appellant may have been entitled to a recovery against Crowson for the $400 sued for, notwithstanding Spivey and Stewart were entitled to retain the house and lot on the grounds of their purchase for value and without notice.

There were also errors in some other portions of the court's charge which may not occur upon another trial, and for that reason will not here be discussed.

For the error indicated the judgment of the trial court will be reversed and remanded as to the appellee Crowson, and affirmed as to the appellees Stewart and Spivey.

*Affirmed in part and in part reversed and remanded.*

Writ of error refused.