In support of the text many authorities are cited, among them being Machado v. State, 112 Tex.Cr.R. 538, 17 S.W.2d 1060; Spain v. State, 111 Tex.Cr.R. 552, 15 S.W. 2d 646; Stockton v. State, 112 Tex.Cr.R. 188, 15 S.W.2d 640; and Shuffield v. State, Tex.Cr.App., 18 S.W.2d 640.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

On Motion for Rehearing.

GRAVES, Judge.

■ Appellant insists that the indictment in this cause is defective in that it therein charges him with the possession of marijuana, when the statute, Art. 725b, Vernon's Ann.P.C., denounces the possession of marihuana; and we gather therefrom that the point herein involved is the fact that the statute spells the narcotic with an "h" while the indictment spells the narcotic with the letter "j".

It is true that the statute employs the letter "h" in the spelling of the drug, and it is further true that the indictment herein employs the letter "j" in place of the letter "h".

Webster's International Dictionary gives the following spelling of this drug: "Marijuana, also marihuana." We gather therefrom that this drug is spelled either way, and we are also of the opinion that these two methods of spelling this drug sound the same, and are idem sonans.

We think the further matters urged by appellant were properly disposed of in our original opinion, and the motion is overruled.

## BAUER v. BAUER.

### No. 4008.

Court of Civil Appeals of Texas. El Paso.

Nov. 14, 1940.

Phil D. Woodruff, of Houston, for appellant.

W. B. Moss, of Sinton, and Seale & Wood, of Corpus Christi, for appellee.

PRICE, Chief Justice.

This is an appeal from the District Court of San Patricio County. Fritz J. Bauer, Jr., as plaintiff, sought to recover damages against William H. Bauer, defendant, .for an alleged assault and battery on the wife of said plaintiff. The trial was to a jury, special issues were submitted, and judgment entered that plaintiff recover the sum of one dollar. Judgment as to costs was in accordance with Article 2060, R.S.

Finding of the jury was that no actual damages were suffered by reason. of the assault and battery. Exemplary damages were found in the sum of $250.

There is no statement of facts and the appeal assigns error as to the court overruling a motion made by plaintiff to discharge the jury and declare a mistrial.

There is a recitation of the facts relating to this matter contained in the order of the court overruling the motion. No bills of exception appear in the record. Perhaps Subsection 4 of Article 2237, Vernon's Statutes, is broad enough to give jurisdiction to review the alleged error.

From the recitals in the order overruling the motion it appeared on October 18, 1939, a jury was selected to try this case. The case was recessed to October 20th; this, with the consent and acquiescence of plaintiff. On October 19th another case was tried, which was an action involving an assault and battery. Several members of the jury already impaneled in this case were likewise impaneled in the case tried on the 19th. On the 20th of October the jury in this case, impaneled, as aforesaid, on the 18th, reported. Plaintiff then made his motion to declare a mistrial on the ground that eight members of the jury had on the day previous tried an assault and battery case where damages were sought. This motion was overruled by the court, and plaintiff excepted.

The parties, issues and attorneys in the case tried on the 19th were dissimilar to those in this case. Of course a party is entitled to a fair and impartial trial and to obtain this, a 'fair and impartial jury is requisite. If this right is imperiled by anything that occurred during the course of the trial it is in the power and is the duty of the trial judge to declare a mistrial and postpone the case or summons another jury. An infraction of this duty in this respect would constitute reversible error, we think.

It was with the express consent of plaintiff that the jury was impaneled on the 18th and excused until the 20th. These jurors were on the regular panel, and it is fair to assume, if their services were required by the court in the interim, they would be used as jurors. The fact that they had tried an assault and battery case during the same week would not present grounds for peremptory challenge. The cases were in all respects dissimilar. It does not appear that plaintiff was in any way prejudiced by the action of the court. Mounce v. Crowson, 59 Tex.Civ.App. 533, 126 S.W. 915.

We cannot see that trying one assault and battery case where the parties were not the same, the witnesses not the same, no connection between the transactions involved, could in any way tend to disqualify the jurors to try another case. During the recess it was not contemplated the jurors should enter a cloister. It is fair to assume that they would pursue their usual activities. One of these activities was service on the jury panel for the week. The trial judge needed and used them. This he had a right to do. It might be better to proceed promptly with a trial after the impanelment of the jury, but it is not always feasible to do this.

Judgment affirmed.