Opinion issued March 13, 2003



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01211-CV




VIRA M. HENRY, Appellant

V.

ASHLEY THOMPSON, Appellee




On Appeal from Probate Court at Law No. 3
Galveston County, Texas
Trial Court Cause No. 46,461




MEMORANDUM OPINION

          Vira M. Henry, appellant, appeals from a jury verdict awarding her $500.00 in
actual damages and no punitive damages. In eight issues, appellant argues that the
trial court erred in (1) not awarding taxable court costs to appellant; (2) striking part
of appellant’s first amended petition; (3) excluding evidence of appellant’s medical
records and costs; (4) excluding evidence of a physical altercation involving appellee;
(5) admitting evidence of a letter written by appellee after the accident; (6) admitting
evidence of appellee’s net worth; (7) failing to grant a mistrial, or order a new trial;
and (8) refusing to award prejudgment interest to appellant.
          We modify the trial court’s judgment to award $1,768.55 in court costs to
appellant and, as modified, we affirm.
Facts
          On September 13, 1997, as appellant was stopped, her car was struck from
behind by a Ford Explorer. Appellee and another woman got out of the Explorer and
asked appellant if she was all right. Appellant had a cut on her forehead. Appellee
testified that, after appellant had told her that she was going to call the police, she told
appellant that she was leaving to get her mother.
          Appellee left and did not report the accident. Nearly three months later,
Webster Police Detective Wilburn received a tip that appellee was the hit and run
driver, and appellee thereafter confessed to being the driver of the Ford Explorer that
was involved in the accident. 
          Appellant sued appellee for actual and punitive damages. Appellee stipulated
liability, and a jury trial was held to determine damages. The jury returned a verdict
awarding $500.00 in actual damages and no punitive damages. The trial court denied
appellant’s motion for new trial.
Award of Court Costs
          In her first issue, appellant argues that the trial court erred in not awarding her
taxable court costs. See Tex. R. Civ. P. 131. Appellee concedes that appellant, as the
successful party, should have been awarded taxable court costs. Accordingly, we
modify the judgment to award taxable court costs in the amount of $1,768.55 to
appellant.



          We sustain issue one.
Motion to Strike Appellant’s First Amended Petition
          In her second issue, appellant argues that the trial court erred in striking part
of her first amended petition on the ground that it was not timely submitted. 
Appellant had attempted to allege violations of the penal code by appellee, but the
trial court struck that part of the petition. The petition was filed seven days before
trial, and appellee concedes that the petition was timely submitted, but argues that
appellant was not harmed by the trial court’s error.
          Appellant did not need to allege violations of the penal code to establish the
negligence or negligence per se of appellee because appellee had already stipulated
that she was liable. Appellant complains that she was harmed because she was not
able to mention the penal code during trial, and, thus, was precluded from using the
alleged penal code violations to support an award of punitive damages. 
          In determining whether appellant was harmed by the error, we must decide if
the error probably caused the rendition of an improper judgment. Tex. R. App. P.
44.1. 
          Parties may recover punitive damages if they show by clear and convincing
evidence that the harm for which they seek damages resulted from (1) fraud; (2)
malice; or (3) a wilful act or omission or gross neglect in a wrongful death action. 
Tex. Civ. Prac. & Rem. Code Ann. § 41.003(a) (Vernon 1997). If a party relies on
another statute that establishes a cause of action and specifically provides for punitive
damages, then the specified circumstances or requisite culpable mental state must be
proved by clear and convincing evidence. Tex. Civ. Prac. & Rem. Code Ann. §
41.003(c). 
          Appellant could not have used the penal code as a basis for an award of
punitive damages. The penal code does not establish a private cause of action, and
certainly does not authorize an award of punitive damages in a private cause of
action. A.H. Belo Corp. v. Corcoran, 52 S.W.3d 375, 379 (Tex. App.—Houston [1st
Dist.] 2002, pet. denied). Accordingly, because the alleged violations of the penal
code were not needed to establish negligence or negligence per se, and because a
violation of the penal code cannot be used as a basis for an award of punitive
damages, we cannot determine that appellant was harmed by the trial court’s error in
striking a portion of appellant’s first amended petition. 
          We overrule issue two.
Evidentiary Rulings
          In issues three through five, appellant argues that the trial court erred in
excluding evidence of medical and billing records, erred in excluding the testimony
of a hospital billing director, erred in excluding evidence of a physical altercation
involving appellee, and erred in allowing appellee to read a letter she had written after
the accident.
Medical Expenses
          Appellant attempted to introduce her medical bills into evidence, and planned
to call a director of medical records to testify that the expenses were reasonable and
necessary. The trial court excluded the medical bills and the testimony of the records
custodian, stating that, because an affidavit was not filed pursuant to the Texas Civil
Practice and Remedies Code, a medical doctor would be required to prove that the
medical expenses were reasonable and necessary. Tex. Civ. Prac. & Rem. Code
Ann. § 18.001 (Vernon 1997)
          A claim for medical expenses must be supported by evidence that the expenses
are reasonable and necessary. Nat’l Union Fire Ins. Co. v. Wyar, 821 S.W.2d 291,
297 (Tex. App.—Houston [1st Dist.] 1991, no writ). An affidavit filed under section
18.001 may serve as sufficient evidence to support a finding of fact by a judge or jury
that the expenses were reasonable and necessary. Id. If a party fails to prove the
reasonableness and necessity of medical expenses through the submission of an
affidavit in compliance with section 18.001, expert testimony will be required. 
Jackson v. Gutierrez, 77 S.W.3d 898, 902 (Tex. App.—Houston [14th Dist.] 2002,
no pet.); Rodriguez-Narrera v. Ridinger, 19 S.W.3d 531, 532 (Tex. App.—Fort
Worth 2000, no pet.). When a party has not complied with section 18.001, the
reasonableness and necessity of medical expenses cannot be proved by the live
testimony of a non-expert records custodian. Castillo v. Am. Garment Finishers
Corp., 965 S.W.2d 646, 654 (Tex. App.—El Paso 1998, no pet.). When a party has
not complied with section 18.001, and attempts to admit evidence of medical bills
without the required expert testimony, a trial court does not err in excluding evidence
of medical billing. Id. 
          Appellant did not file an affidavit pursuant to section 18.001(b), so expert
testimony was required to prove that the medical expenses were reasonable and
necessary. The only evidence that appellant had to support the reasonableness and
necessity of the medical expenses was from a director of medical records. In
appellant’s bill of exception, the director of medical records never testified that
appellant’s medical expenses were reasonable or necessary, and she admitted that she
was not a medical doctor, and had no medical background or training. We agree with
the Castillo court that a non-expert medical records custodian cannot provide the
required expert testimony to prove the reasonableness and necessity of medical
expenses. The purpose of section 18.001 is to dispense with the required expert
testimony in situations where the medical expenses are uncontested. Id. The code
does not provide that a records custodian can provide competent testimony when the
medical expenses are contested. In this case, because an affidavit was not filed in
accordance with the rules, appellee was not given an opportunity to file a
controverting affidavit to contest the reasonableness and necessity of the medical
expenses. Accordingly, because appellant did not comply with section 18.001, and
because appellant’s witness could not provide the required expert testimony, we hold
that the trial court did not err when it excluded evidence of appellant’s medical bills,
as well as the testimony of the director of medical records. 
Physical Altercation
          The trial court also excluded appellant’s evidence of a post-accident physical
altercation that appellee had allegedly been involved in on the grounds that it was not
relevant. Appellant argues that the post-accident conduct was important to show that
appellee was indifferent to the rights of others.
          Evidence of appellee’s involvement in a physical altercation after the accident
is character evidence, and is inadmissible under the Texas Rules of Evidence. Tex.
R. Evid. 404. Appellant does not argue that evidence of the altercation fits an
exception to the general rule 404 requirement, but instead argues that, because
appellee was allowed to read a letter to the jury that had been written but not sent to
appellant after the accident, the “sauce for the goose . . . was obviously not sauce for
the gander . . . when it came to rulings on post-accident evidence.” Having
determined that the trial court did not abuse its discretion in excluding evidence of
the physical altercation involving appellee, we review the trial court’s admission of
a letter written by appellee after the accident.
The Letter
          Appellant objected to the admission of appellee’s letter on the grounds that it
was not relevant and was self-serving. The letter, which was approximately three
pages long, stated appellee’s plans for the future, stated that appellee was a moral
person and was scared at the time of the accident, and that she was sorry for her
actions. We agree with appellant that the letter, written by the appellee approximately
one year after the accident, was self-serving and not relevant to the issue of damages. 
See Owens v. Navarro County Levee Improvement Dist. No. 8, 281 S.W. 577, 579-80
(Tex. Civ. App.—Waco 1925, no writ) (holding that letter written by appellant to
appellee regarding the damages that had been caused was self-serving and properly
excluded); Largent v. Beard, 53 S.W. 90, 91 (Tex. Civ. App.—Dallas 1899, no writ)
(trial court erred in admitting evidence of letter written after controversy because
letter was self-serving and not relevant to any issue in the case); Boehringer v. A.B.
Richards Med. Co., 29 S.W. 508, 511 (Tex. Civ. App.—Dallas 1894, no writ)
(holding that self-serving letter by appellant to appellee, after controversy, was not
relevant to any issue in case, and was therefore properly excluded).
          In determining whether appellant was harmed by the error, we must decide if
the error probably caused the rendition of an improper judgment. Tex. R. App. P.
44.1. Our examination of the record reveals that most of the information the jury
could have gleaned from the contents of the letter had already been testified to by
appellee. Appellee had already testified as to what her future plans were, had testified
that she was scared at the time of the accident, and had felt horrible about her actions. 
Accordingly, because many of the feelings of appellee, as written in the letter, had
already been testified to by appellee, we cannot determine that the reading of the
letter probably caused the rendition of an improper judgment. 
          Issues three through five are overruled.
Evidence of Appellee’s Net Worth
          In her sixth issue, appellant argues that appellee gave a “skewed net worth
presentation.” 
          Appellant contends that while appellee was able to testify as to her own net
worth, she did not testify as to the net worth of her parents. At trial, appellant
objected to appellee’s attorney’s characterization of punitive damages as “an element
of damage,” but appellee’s attorney corrected himself and the trial court did not rule
on appellant’s objection. Appellant did not thereafter object to appellee’s discussion
of her net worth, and appellant does not explain in his brief how or when he objected
to appellee’s alleged skewed presentation of her net worth. 
          To preserve a complaint for review, a party should timely object on specific
grounds, and should obtain an adverse ruling. Tex. R. App. P. 33.1(a). Appellant did
neither. Accordingly, we hold that appellant’s complaint as to appellee’s testimony
of her net worth has not been preserved for our review.
          We overrule issue six.
Failure to Grant Mistrial or New Trial
          In her seventh issue, appellant argues that, in light of the trial court’s
evidentiary rulings and failure to control the parties and the witnesses, appellant was
not able to have a fair trial. Appellant contends that the trial court failed to control
the parties and witnesses by allowing appellee and appellee’s attorney to cry in front
of the jury. 
          Parties are entitled to a fair and impartial trial. See City of Abiline v. Downs,
367 S.W.2d 153, 155-56 (Tex. 1963). If the right of a fair trial is “imperiled by
anything in the course of the trial, it is the . . . duty of the trial judge to declare a
mistrial . . . .” Bauer v. Bauer, 145 S.W.2d 599, 600 (Tex. App.—El Paso 1940, no
writ). Manifestations of emotion, such as weeping or crying, are not grounds for a
mistrial in the absence of a showing of an extreme prejudicial effect on the jury. 
Consol. Underwriters v. Foster, 383 S.W.2d 829, 836 (Tex. Civ. App.—Tyler 1964,
writ ref’d n.r.e.). 
          After reviewing the entire record, we hold that the trial court did not err in
determining that the manifestation of emotion by appellee did not cause an extreme
prejudicial effect on the jury. During the trial, after appellee had cried on the witness
stand, appellant questioned appellee about her emotions, asking, “[Y]ou can turn it
on and turn it off when you want to. Can’t you?” Appellant later asked, “You got
Kleenex up there? Ms. Thompson, before the jury came back in, during the course
of what the lawyers call voir dire, you were not crying. Were you?” We note that the
jury is the judge of the credibility of witnesses, and, thus, was able to evaluate the
authenticity of appellee’s emotions while testifying. See Herbert v. Herbert, 754
S.W.2d 141, 144 (Tex. 1988). We believe the jury was capable of evaluating
appellee’s conduct in this case and was likely not prejudiced by it. As for the other
evidentiary rulings, we have already discussed those elsewhere in this opinion, and
where error occurred, we determined that it did not cause the rendition of an improper
judgment. Accordingly, we hold that the trial court did not err in refusing to order a
mistrial or grant a new trial. 
          We overrule issue seven.
 
Award of Prejudgment Interest
          In her eighth point of error, appellant argues that the trial court erred in
refusing to award prejudgment interest to her. Appellant filed two motions after the
jury verdict, and neither of them brought the alleged error to the attention of the trial
court. Appellant does not explain how the trial court was made aware of appellant’s
complaint regarding prejudgment interest. Accordingly, appellant has waived her
right to have her complaint reviewed upon appeal. Larrumbide v. Doctors Health
Facilities, 734 S.W.2d 685, 693 (Tex. App.—Dallas 1987, writ denied) (“by failing
to request an award of prejudgment interest in their motion for judgment, or to
complain in the trial court of the failure to award prejudgment interest, the [appellant]
waived any error”); Western Const. Co. v. Valero Transmission Co., 655 S.W.2d 251,
256 (Tex. App.—Corpus Christi 1983, no writ) (when party fails to bring trial court’s
failure to award prejudgment interest to the attention of the trial court, error has not
been preserved for appeal); see also Allright, Inc. v. Pearson, 735 S.W.2d 240, 240
(Tex. 1987).
          We overrule point of error eight.Conclusion
          We modify the trial court’s judgment to award taxable court costs in the 
 
 
 
amount of $1,768.55 to appellant and, as modified, we affirm.
          

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.